J. H. LOWENSTINE *et al. v.* JOHN GILLESPIE *et al.*

ATTACHMENT. *Publication.* To make the publication required by sec. 3523 of the Code, does not require a period of *thirty-five* days; it may be accomplished within twenty-eight days next before the appearance day—a contrary *dictum* in *Riley* v. *Nichol,* 1 Heis., 16, overruled as inadvertent.

## FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

L. & E. LEHMAN and GANTT & PATTERSON for complainants.

T. A. RYAN for defendants.

MCFARLAND, J., delivered the opinion of the court.

The complainants allege that they had, previous to the filing of their bill, sued out an attachment at law against John Gillespie, returnable to the second circuit court of Shelby county, and the sheriff had levied the same on a stock of goods of said defendant. They set forth the substance of their proceedings, and allege that they thereby acquired a valid lien on the property attached for the satisfaction of their debt, and that the cause was then still pending. They further allege, however, that their attachment was levied subject to a prior levy in favor of Frank Malone against said Gillespie, under an attachment sued out by said

41—VOL. 6.

Malone and returnable to the first circuit court of Shelby county; that Malone had obtained judgment by default in his cause against said Gillespie, and an order to sell the property attached, and the order had been executed but the money had not been paid over to said Malone.

It is charged that Malone's proceedings are void, that he acquired no rights thereunder, and the prayer of the bill is that he be enjoined from receiving any part of the proceeds of the sale, which, it is charged, are not sufficient to satisfy both attachments, and that the sheriff be ordered to pay the money into court to await the final judgment in the case of the complainants in the second circuit court. In other words, the equity of the bill is, that Malone's proceedings being void, and the levy of complainants' attachment being valid, they will be entitled to the proceeds of the property, and as it is charged that Malone is insolvent, the court should impound the fund and hold it subject to the judgment complainants may obtain.

Counsel on both sides have conceded that the case turns upon the validity of Malone's attachment proceedings. These proceedings are set forth in the bill, and two grounds of attack are specially set down:

First, that the affidavit of Malone for the attachment "does not state that the debt sued for is a just claim." The language of the affidavit is, "that John Gillespie, surviving partner of the late firm of John Gillespie & Brother, is *justly* indebted to him in the sum of ten hundred and ninety-six and $\frac{73}{100}$ dollars, by account, for money loaned." Some of our cases

seem to hold that the affidavit should state, in the very language of section 3469 of the Code, that the "claim is just." But we have more recently held that the statement, that the defendant "is *justly* indebted" to the plaintiff, is of equivalent import in this respect, especially when the proceeding is attacked collaterally (see *Boyd* v. *Gentry*, 12 Heis., 625), and that such a deviation from the letter of the statute does not render the proceeding void.

The other objection is, that the judgment by default in favor of Malone was taken without personal service of process, or without the proper notice by publication. The notice that was published is set forth in the bill. The objection is not to its sufficiency, but that it was not published in the paper the number of times required, or rather, that sufficient length of time did not elapse between the first publication and the appearance day. Section 3523 of the Code requires the publication to be made "for four consecutive weeks, * * the last publication to be at least one week before the time fixed for the defendant's appearance." The notice in this case was published as follows:—on the 10th and 26th of August and on the 2d and 9th of September respectively, and the day fixed for the defendant's appearance was the 21st of September; so it will be seen that the notice was published four times, and each publication was precisely one week apart, and the last publication was more than one week before the day fixed for the defendant's appearance. The argument, however, is, that a period of *thirty-five days* should elapse between

the first publication and the appearance day, whereas, in the present case, there were only thirty-*three* days. This argument is based on the authority of a remark made by Judge Freeman in *Riley* v. *Nichol,* 1 Heis., 16. The publication in that case was held to be fatally defective in not showing that an attachment had been issued, or that it had been levied. After disposing of these questions, Judge Freeman adds: "It does not appear affirmatively in the case at what time, if at all, the publication was made; but, assuming that it was made, as the law directs, after the levy of the attachment, then the thirty-five days required before the case could be proceeded in, had not elapsed from the 27th of April to the 4th Monday of May, when the defendants were required to appear." This statement that the law requires a lapse of "thirty-five days," was inadvertent, and was no doubt fallen into upon the idea that there should be a publication covering a period of four weeks, and then the lapse of another week, making five weeks or thirty-five days; whereas, the language of the statute is, that the publication shall be made for four consecutive weeks— that is, it shall be published four times, each publication shall be a week apart, and the last publication (that is, the date of the last issue) shall be at least one week before the appearance day. To make the publication specified in this section of the Code does not require a period of thirty-five days; to make out thirty-five days from the first publication, would require a period of two weeks instead of one between the last publication and the appearance day. The

point was not necessary to the decision of the case of *Riley* v. *Nichol*, and was not fully considered.

The decree of the chancellor was in favor of Malone, and it will be affirmed with costs.