Kenneth Dale McCALEB,
Plaintiff/Appellee,

v.

SATURN CORPORATION,
Defendant/Appellant.

Supreme Court of Tennessee,
Special Workers' Compensation Appeals
Panel, at Nashville.

Nov. 2, 1995.

Ray R. Slobey, Blackburn, Slobey, Free-
man & Happell, Nashville, for appellant.

Joe W. Henry, Jr., Samuel B. Garner, Jr.,
Henry, Henry, Stack, Garner & Speer, Pula-
ski, for appellee.

Members of Panel: FRANK F. DROWOTA, III, Associate Justice, Supreme Court, SAMUEL L. LEWIS, Judge, Court of Appeals, and JOSEPH C. LOSER, Jr., Retired Judge.

## MEMORANDUM OPINION

Mailed July 20, 1995

JOSEPH C. LOSER, Retired Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. section 50-6-225(e)(3) for hearing and reporting of findings of fact and conclusions of law. In this appeal, the employer, Saturn Corporation, has presented the following issues:

1. Whether the employee's back condition is a work related injury;

2. Whether the trial court erred in allowing an award for the employee's back condition in light of the employee's failure to provide notice to the employer within the meaning of Tenn.Code Ann. section 50-6-201;

3. Whether the trial court erred in awarding a 60% vocational disability to the employee; and

4. Whether long term disability benefits may be set off against permanent partial disability benefits.

At the time of the trial, the employee or claimant, Kenneth Dale McCaleb, was 44 years old, had a high school education and had worked for General Motors, the parent of Saturn Corporation, since he was in high school. He has a history of obesity, being some 100 pounds overweight, and knee injuries. His duties at Saturn required some physical exertion.

On December 9, 1991, the claimant slipped on a slippery substance at work and fell, injuring his right knee in the process. He worked the rest of the day. The next day he verbally reported the injury to the company nurse and was referred to the Middle Tennessee Bone and Joint Clinic in Columbia, where he first saw Dr. Eslick Daniel, then Dr. Kenneth Moore.

Dr. Moore provided conservative care and the knee improved. In May of 1992, the claimant began to have pain in his left hip and to have increased difficulty walking. Dr. Moore referred him to Dr. Jeffrey Adams of the same clinic, because Dr. Adams specializes more in back problems. The claimant has continued to see both doctors.

The claimant has walked with a limp since the accident, but the limp has become more pronounced since the hip problems surfaced. He often uses a cane. There is evidence that although the claimant has had past knee problems, he has never before had back and hip pain. He has fallen a number of times since the accident, which he attributes to the knee injury. He testified that his knee would "give out," causing him to lose his balance and fall. The claimant's testimony is corroborated by considerable lay evidence.

The claimant has a permanent medical impairment of 7.5% to his right knee and is restricted from walking more than 50% of the work day. The employer does not dispute that the accident occurred or that it was the cause of a knee injury. The claimant has an additional medical impairment of 5% to the back. He has not returned to work.

When the claimant complained of hip pain to Dr. Moore, the doctor ordered an MRI and CT scan, which revealed a herniated disc at L-5, S-1 on the left side. That is when the doctor referred the claimant to Dr. Adams. Dr. Adams testified that the back injury could have been caused by one of the falls or by the abnormal gait, both of which were brought on by the knee injury.

Rebecca Williams, a vocational expert, performed a vocational evaluation and estimated the claimant's industrial disability at 87%. A functional capacity examiner, Scott Newton, opined that the claimant was able to perform a majority of the jobs at Saturn. Dr. Ralph Neil Hansen, Saturn's medical director, who reviews "the ergonomics of jobs in relation to people who are injured on the job," opined, based largely on the report of Mr. Newton, that the claimant is able to return to his former job.

The action was commenced in Giles County but transferred by consent to Maury

County, where it was tried. In its answer, the employer admitted that "the defendant (sic) gave proper notice of the injury to Saturn Corporation," then amended its answer to aver the failure of such notice. The trial judge found the claimant to have a permanent partial disability of 60% to the body as a whole, as a result of the work-related accident, and awarded disability benefits under the Tennessee Workers' Compensation Act (the Act). Appellate review is *de novo,* accompanied by a presumption of the correctness of the findings of the trial court, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. section 50–6–225(e)(2). Where the trial judge has seen and heard the witnesses, especially if issues of credibility and weight to be given oral testimony are involved, considerable deference must be accorded those circumstances on review. *Townsend v. State,* 826 S.W.2d 434, 437 (Tenn.1992).

### 1.

An injury is "work-related" if it arises out of the employment. The term "arises out of" refers to the origin of the injury in terms of causation. *See Loy v. North Bros. Co.,* 787 S.W.2d 916 (Tenn.1990). In a workers' compensation case, a trial judge may properly predicate and award on medical testimony to the effect that a given incident could be the cause of a claimant's injury, when from other evidence, it may reasonably be inferred that the incident was in fact the cause of the injury. *See Russell v. Genesco,* 651 S.W.2d 206 (Tenn.1983) and its progeny. Absolute certainty on the part of a medical expert is not necessary to support a workers' compensation award, for expert opinion must always be more or less uncertain and speculative; and, where equivocal medical evidence combined with other evidence supports a finding of causation, such an inference may nevertheless be drawn under the case law. *See, e.g., Jackson v. Greyhound Lines, Inc.,* 734 S.W.2d 617 (Tenn. 1987), and its progeny.

Although the testimony of Dr. Moore and Dr. Adams conflicted as to whether the claimant's back injury was causally related to the leg injury, which was clearly work-related, the opinion of Dr. Adams is supported by other evidence. Thus, the evidence fails to preponderate against the finding of the trial court with respect to causation.

### 2.

Immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, an injured employee must, unless the employer has actual knowledge of the accident, give written notice of the injury to his employer. Tenn.Code Ann. section 50–6–201 (1991 Repl.). Benefits are not recoverable from the date of the accident to the giving of such notice and no benefits are recoverable unless such written notice is given within thirty (30) days after the injurious occurrence unless the injured worker has a reasonable excuse for the failure to give the required notice. Id.

The reasons for the requirement are (1) to give the employer an opportunity to make an investigation while the facts are accessible, and (2) to enable the employer to provide timely and proper treatment for the injured employee. *See Masters v. Industrial Garments Manufacturing Co.,* 595 S.W.2d 811 (Tenn.1980). In determining whether an employee has shown a reasonable excuse for failure to give such notice, courts will consider the following criteria in light of the above reasons for the rule: (1) the employer's actual knowledge of the employee's injury, (2) lack of prejudice to the employer by an excusing of the requirement, and (3) the excuse or inability of the employee to timely notify the employer. *See Gluck Brothers, Inc. v. Pollard,* 221 Tenn. 383, 426 S.W.2d 763 (1968). Delay in asserting a compensable claim is reasonable and justified if the employee has limited understanding of his condition and his rights and duties under the Act. *See Livingston v. Shelby Williams Industries,* 811 S.W.2d 511 (Tenn.1991).

In this case, the employer had actual knowledge of the occurrence and as much knowledge of the nature of the injury as did the employee. The employer was not prejudiced by the employee's failure to give timely written notice. Both parties had limited knowledge of the injured worker's condition. The panel finds that excusing the requirement is appropriate under the circumstances of this case.

### 3.

Once the causation and permanency of an injury have been established by expert testimony, the trial judge may consider many pertinent factors, including age, job skills, education, training, duration of disability and job opportunities for the disabled, in addition to anatomical impairment, for the purpose of evaluating the extent of a claimant's permanent disability. *See Argonaut Ins. Co. v. Williams,* 580 S.W.2d 784 (Tenn.1979). The claimant has considerable job skills but is limited in his ability to perform at least some of the jobs for which he is trained because of his back and knee injuries, which are superimposed upon his preexisting conditions.

The employer takes the employee with all preexisting conditions, and cannot escape liability when the employee, upon suffering a work-related injury, incurs disability far greater than if he had not had the preexisting conditions. *See Rogers v. Shaw,* 813 S.W.2d 397 (Tenn.1991). Moreover, where an injury is to more than one member, one of which is scheduled (the leg) and the other of which is not scheduled (the back), benefits are allowable on the basis of the percentage disability to the body as a whole. Tenn.Code section 50–6–207; *Continental Ins. Co. v. Pruitt,* 541 S.W.2d 594, 596 (Tenn.1976). The evidence fails to preponderate against the trial court's award of benefits based on 60% to the body as a whole.

### 4.

By contract with its employees, Saturn maintains a disability plan by which a disabled employee receives benefits until he or she reaches age 65 or is able to return to work. The agreement provides, among other things, as follows, at Article II, 6(f):

(1) Benefits payable for any period shall be reduced by any payments for time lost from work in that period to which the employee is entitled under any Worker's Compensation Law or Act or Occupational Disease Law or Act.

The trial judge allowed a set-off against temporary total disability benefits recoverable under the Act, but disallowed any set-off against permanent disability benefits. No issue is made as to the allowance of a set-off against temporary total benefits, but Saturn insists that the above contractual agreement should be enforced with respect to permanent disability benefits recoverable under the Act because the agreement does not violate public policy. We respectfully disagree based on Tenn.Code Ann. section 50–6–114 (1991 Repl.), being part of the Tennessee Workers' Compensation Act, which was in full force and effect at the time the injury occurred, and which provides as follows:

**50–6–114. Supremacy of chapter.**—No contract or agreement, written or implied, or rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this chapter, except as herein provided.

That section clearly establishes a public policy against the making of any agreement which would reduce an employer's liability for permanent disability benefits under the Act. Moreover it has been held that where a covered employer voluntarily pays wages to a disabled employee, such employer may not receive a credit for such payments. *See, e.g., Brown v. Western Electric Co.,* 646 S.W.2d 912 (Tenn.1983), and *Simpson v. Frontier Community Cr. Union,* 810 S.W.2d 147 (Tenn.1991). Credit has been allowed for payments made under a disability plan which provided sustenance for the employee in time of need. *See Allen v. Consolidated Aluminum Corp.,* 688 S.W.2d 64 (Tenn.1985). More recently, however, our Supreme Court has refused to impose a credit against statutory permanent disability benefits for short-term benefits paid under such a plan. We therefore conclude that the quoted portion of Saturn's plan does violate the public policy of this state and that the trial judge correctly disallowed the set-off against permanent disability benefits. *See Cantrell v. Electric Power Board,* 811 S.W.2d 84 (Tenn.1991).

The judgment of the trial court is affirmed in all respects. Costs on appeal are taxed to the defendant-appellant.

DROWOTA, J., and SAMUEL L. LEWIS, Judge, concur.