I am authorized to state that Justice HOLDER concurs in this Dissenting Opinion.

STATE of Tennessee, DEPARTMENT OF HUMAN SERVICES, Appellee,

v.

Karen Sue Jackson PURCELL, Inmate # 205033 Tennessee State Women'S Prison, Nashville, Tennessee, Appellant.

Court of Appeals of Tennessee, Middle Section.

Feb. 28, 1997.

Permission to Appeal Denied by Supreme Court Sept. 8, 1997.

Thomas H. Bilbrey, Lafayette, for Appellant.

Charles W. Burson, Attorney General and Reporter, William Ashby Smith, Jr., Assistant Attorney General, Nashville, for Appellee.

## OPINION

McMURRAY, Judge.

This is an appeal from the judgment of the trial court that terminated the parental rights of the appellant, Karen Sue Jackson Purcell (mother). We affirm the judgment of the trial court.

The Department of Human Services (DHS) instituted this action seeking termination of the mother's parental rights. There were three minor children involved, now ages 11, 10 and 6. The father of the children is deceased.

The mother is incarcerated in the penal system of the State of Tennessee. She is serving a sentence of twenty (20) years for second degree murder. She entered a guilty plea to the killing of her husband and the father of the children involved here.

The DHS, in its petition sought termination of parental rights on the grounds of severe child abuse and abandonment. After a bench trial the court found by clear and convincing evidence that prior to incarceration, the mother engaged in conduct exhibiting a wanton disregard for the welfare of the children and that she had committed severe child abuse by sexually abusing the children.

The mother presents two issues for our review which are set out as follows:

1. Whether the trial court erred by allowing the introduction into evidence of inadmissible hearsay testimony and other inadmissible evidence which the trial court relied on to support a basis for terminating defendant's parental rights to her three minor children.

2. Whether the trial court erred in ruling that there was clear and convincing evidence to support a finding that the defendant had engaged in such conduct prior to incarceration as to constitute wanton disregard for the welfare of the children as contemplated by *Tennessee Code Annotated,* § 37–1–102.

The primary thrust of the mother's challenge to the evidence is that much of the evidence was not trustworthy and, therefore, inadmissible citing Rule 803(25), Tennessee Rules of Evidence.

Rule 803(25) provides in pertinent part as follows:

**Rule 803. Hearsay exceptions.** The following are not excluded by the hearsay rule:

\*      \*      \*      \*      \*      \*

(25) Children's statements. Unless the circumstances indicate lack of trustworthiness, statements about abuse or neglect made by a child alleged to be the victim of physical, sexual, or psychological abuse or neglect, offered in a civil action concerning issues of dependency and neglect pursuant to T.C.A. § 37–1–102(b)(10), issues concerning severe child abuse pursuant to T.C.A. § 37–1–102(b)(19), or issues concerning termination of parental rights pursuant to T.C.A. § 37–1–147(d). Declarants of age thirteen or older at the time of the hearing must testify at the hearing unless unavailable as defined by T.R.Evid. 804(a); otherwise this exception is inapplicable to their extrajudicial statements. [Amended by order entered January 28, 1993, and effective July 1, 1993.]

We should first note that this is one of the types of cases in which such testimony as that described in the above rule applies. Secondly, all children are under the age of 13 years. Hence, the admissibility of the extrajudicial statements depends upon the trustworthiness of the statements. In this instance, we are of the opinion that the circumstances do not militate against the trustworthiness of the statements about which the mother complains. While we find no authority for or against the proposition, we are of the opinion that the determination of trustworthiness is a matter for the trial court to decide and his decision will not be disturbed on appeal unless there is a showing of abuse of discretion. We find no circumstances in the record which persuade us that the statements complained of are not trustworthy, therefore, there is no abuse of discretion. We should also note that there is evidence corroborating the statements made by the child or children. Here, the court resolved the issue of trustworthiness in favor of the witnesses. Where the trial judge has seen and heard the witnesses, especially if issues of credibility and weight to be given oral testimony are involved, considerable deference must be accorded those circumstances on review. *McCaleb v. Saturn Corp.*, 910 S.W.2d 412 (Tenn.1995).[1]

In the interest of protecting the privacy of the children involved, we do not find it necessary to set out in detail the evidence of sexual abuse against the children which is shown by the record. Suffice it to say that the evidence was sufficient to establish "severe child abuse" and wanton disregard for the welfare of the children sufficient to constitute "abandonment" as those terms are defined in T.C.A. §§ 37–1–102(b)(19)(A)and (B) and 37–1–102(b)(1)(B)(i) respectively. We perhaps should also point out that the murder of the children's father, the charge to which the mother plead guilty, was a violent multiple shooting and was done in the presence of at least one of the children.

The appellant further complains of the court's finding that the evidence was clear and convincing. We find no merit to this issue. Our review of the record persuades us that there is an abundance of clear and convincing evidence to support the judgment of the trial court.

We affirm the judgment of the trial court in all respects. Costs of this appeal are taxed to the appellant. This case is remanded to the trial court.

GODDARD, P.J., and FRANKS, J., concur.

---

1. The appellant complains that the court admitted into evidence the records of one Cheryl McCormick whose testimony was excluded. This admission of evidence was probably error, however, under the circumstances, we find it to be harmless error. *See* Tennessee Rules of Appellate Procedure, Rule 36(b).