IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 20, 2002 Session

**SHELIA MAE BLAND v. JERRY KENNETH BLAND**

**A Direct Appeal from the Chancery Court for Henderson County
No. 14243     The Honorable Joe C. Morris, Chancellor**

---

**No. W2001-01705-COA-R3-CV - Filed March 25, 2002**

---

Husband appeals from a final decree of divorce as to the amount of alimony awarded and the award of attorney fees.  We affirm and modify.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and WILLIAM B. ACREE, JR., SP.J., joined.

Middlebrooks & Gray, Jackson, For Appellant, Jerry Kenneth Bland

James F. Butler, Lisa A. Houston, Jackson, For Appellee, Shelia Mae Bland

**OPINION**

Plaintiff, Sheila Mae Bland (Wife), and defendant, Jerry Kenneth Bland (Husband), were married on November 30, 1968, in Gibson County, Tennessee.  The parties have no minor children.  On August 3, 2000, Wife filed her complaint for divorce alleging that the parties have irreconcilable differences in their marriage and that the Husband has been guilty of inappropriate marital conduct.  On August 10, 2000, Husband filed his answer and counterclaim.  In the answer, Husband admits that the parties have irreconcilable differences but denies that he has been guilty of any inappropriate marital conduct.  Husband avers in the counterclaim that Wife has been guilty of inappropriate marital conduct and that the parties have irreconcilable differences.  Husband prays for an absolute divorce from Wife.  On August 15, 2000, Wife filed her answer to Husband's counterclaim denying that she has been guilty of any inappropriate marital conduct and admitting that "irreconcilable differences have arisen between the parties due to Husband's inappropriate marital conduct."

On January 4, 2001, the matter was tried before the Chancery Court of Henderson County, Tennessee, Chancellor Joe C. Morris, presiding. On April 17, 2001, the trial court filed its "Findings of the Court" which provides in pertinent part:

> In the above cause, the Plaintiff, Sheila Mae Bland, is awarded a divorce on the grounds of adultery. The parties have been married for 32 years, and the Defendant makes approximately three times what the Wife earns, and she has reached her full earning capacity. The Wife is 51 years old, and the Husband is 49 years old. The Husband will pay the wife alimony in the amount of $1,200.00 per month until she reaches the age of 60, and then $900.00 per month until she reaches the age of 65. The alimony is non-taxable to the Wife, and non-deductible to the Husband on their tax returns.
>
> * * *
>
> Wife is awarded attorneys fees and expenses in the amount of $3,500.00, based on the attorney fee affidavit filed in the record in this cause. The Husband shall pay the Court costs in this cause.

On May 7, 2001, the trial court entered its "Final Decree of Absolute Divorce" which provides in pertinent part:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court as follows:
>
> 1. The Wife is hereby granted an Absolute Divorce from the Husband on the grounds of adultery.
>
> 2. The Husband is ordered to pay directly to the Wife, in advance, alimony in the amount of $1,200.00 per month, payable $600.00 on the 1st and $600.00 on the 15th beginning May 1, 2001, until the month in which Wife reaches the age of 60 years. Beginning in the month following the date that Wife reaches 60 years of age, the Husband shall pay alimony directly to the Wife, in advance, in the amount of $900.00 per month, payable $450.00 on the 1st and $450.00 on the 15th, until Wife reaches the age of 65 years. Upon Wife reaching the age of 65, the alimony shall terminate without further Orders of the Court. It is the intention of the Court that the alimony shall be non-taxable to the Wife and not includeable [sic] by her on her Federal Income Tax Return as income, and shall be non-deductible by the Husband on his Federal Income Tax Return.

\* \* \*

12. Husband shall pay to the Wife the sum of $3,500.00 as alimony in solido to assist Wife in defraying her attorneys fees and suit expenses, which were based on the Attorneys Fee Affidavit filed in the record in this cause.

13. Husband shall pay all of the court costs in this case.

Husband appeals and presents the following two (2) issues for review as stated in his brief:

I. Whether the court erred in granting an award to wife of alimony;

II. Whether the court erred in granting an award to wife of litigation expenses.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

Trial courts have broad discretion in awarding alimony. ***Lindsey v. Lindsey***, 976 S.W.2d 175, 180 (Tenn. Ct. App. 1997) Tenn. Code Ann. § 36-5-101(d)(1) provides:

It is the intent of the general assembly that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance. Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3). Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony. In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

(A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

-3-

(B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C) The duration of the marriage;

(D) The age and mental condition of each party;

(E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property as defined in § 36-4-121;

(I) The standard of living of the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-101(d)(1) (2001). Need and the ability to pay are the critical factors in setting the amount of an alimony award. *Lindsey v. Lindsey*, 976 S.W.2d 175, 179 (Tenn. Ct. App. 1997)(citing *Smith v. Smith*, 912 S.W.2d 155, 159 (Tenn. Ct. App. 1995); *Lancaster v. Lancaster*, 671 S.W.2d at 503). As noted above, the amount of alimony to be awarded is a matter for the trial court's discretion in view of the particular circumstances of the case, and the appellate courts are not inclined to alter the awards except where the record reflects that such discretion has been abused.

*Lindsey v. Lindsey*, 976 S.W.2d 175, 179 (Tenn. Ct. App. 1997)(citing *Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988)).

In his first issue, Husband argues that the Wife should not have been awarded alimony under the factors enumerated in Tenn. Code Ann. § 36-5-101(d)(1) and, alternatively, Husband argues that the trial court's award of alimony to Wife was excessive in light of the Husband's ability to pay and Wife's reasonable living expenses. We disagree.

In its "Findings of the Court," the trial court noted that the "parties have been married 32 years, and the Defendant makes approximately three times what the Wife earns, and she has reached her full earning capacity. The Wife is 51 years old, and the Husband is 49 years old." Furthermore, the trial court awarded Wife a divorce on the grounds of adultery after Husband admitted in his testimony that he had two prior affairs with women he met at work. Although Husband denied Wife's allegation that he was having a third affair with another woman he met at work, Lisa Piercey, Husband admitted in his testimony that he has stayed three or four nights per week with Ms. Piercey since the parties separated in July of 2000. Husband's testimony on cross-examination provides in pertinent part:

> Q. Mr. Bland, now, your wife came to you on July the 18th, and you say that y'all had a confrontation about Lisa Piercey; is that correct?
>
> A. Yes, sir.
>
> Q. And are you telling me that there was nothing going on between you and Lisa Piercey?
>
> A. Yes, sir, I am.
>
> Q. And are you telling me that there's still nothing going on between you and Lisa Piercey?
>
> A. Yes, I am. We're just good friends.
>
> Q. Y'all are just good friends?
>
> A. Yes, sir.
>
> Q. You all don't have any type of romantic relationship?
>
> A. No, sir.
>
> Q. She works there at your place of business?

A. Yes, sir.

Q. How long have you known her? And you need to speak up.

A. How long have I known her?

Q. Yes, sir.

A. About three and a half years.

Q. All right. And since you separated in July do you spend the night at her house?

A. Yes, sir. I spend the night there three or four nights a week.

Q. Three or four nights a week?

A. Yes, sir.

Q. I think I asked you in your deposition if you spent as many as a hundred out of the last 140, and you said over a hundred.

A. I didn't say over. I said I could have. I don't know how many.

Q. You said over a hundred, didn't you?

A. You said a hundred. I said I could have. I don't know.

Q. Well, all right. But would you say it would be over a hundred now?

A. Since July the 18th, yeah.

When the resolution of the issues in a case depends upon the truthfulness of witnesses, the trial judge who has the opportunity to observe the witnesses in their manner and demeanor while testifying is in a far better position than this Court to decide those issues. *McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. 1995); *Whitaker v. Whitaker*, 957 S.W.2d 834, 837 (Tenn. App. 1997). The weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. *Id*.; *In re Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997).

Accordingly, we find that the trial court's award of alimony to the Wife was appropriate in this case. However, we disagree with the trial court's finding that the alimony "shall be non-taxable

to the Wife and not includeable (sic) by her on her Federal Income Tax Return as income, and shall be non-deductible by the Husband on his Federal Income Tax Return."

Under the facts of the present case, we feel that the trial court's award of alimony to the Wife is ample without providing to Wife an additional tax benefit. Husband should be allowed the relief provided by the Internal Revenue Code. Section 215(a) of the Internal Revenue Code provides that "[i]n the case of an individual, there shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year." I.R.C. § 215(a) (West 1988). Furthermore, section 61(a)(8) includes "Alimony and separate maintenance payments" in the definition of gross income. I.R.C. § 61(a)(8) (West Supp. 2001).

In his second issue, Husband argues that the Wife was awarded sufficient assets to pay her attorney's fees and therefore, the trial court erred in awarding attorney's fees and discretionary costs to the Wife. We disagree.

In determining whether to award attorney's fees, the trial court should again consider the relevant factors in Tenn. Code Ann. § 36-5-101(d)(1). *Lindsey v. Lindsey*, 976 S.W.2d at 181 (citing *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995)). When the Wife demonstrates that she is financially unable to afford counsel, and when the husband has the ability to pay, the court may properly order the husband to pay the wife's attorney fees. *See id*. An award of attorney's fees is within the sound discretion of the trial court, and unless the evidence preponderates against the award, it will not be disturbed on appeal. *Id*. A spouse with adequate property and income is not entitled to an award of additional alimony to compensate for attorney's fees and expenses. *Lindsey v. Lindsey*, 976 S.W.2d at 181 (citing *Duncan v. Duncan*, 686 S.W.2d 568 (Tenn. Ct. App. 1984)).

The trial court could consider the factors in Tenn. Code Ann. § 36-5-101(d)(1), including the relative fault of the parties. Moreover, Wife should not be required to dissipate the funds acquired in the division of property when Husband can pay the fees. *See Wilson v. Wilson*, 987 S.W.2d 555, 566 (Tenn. Ct App. 1998)(citing *Lancaster v. Lancaster*, 671 S.W.2d 501 (Tenn. Ct. App. 1984)).

Accordingly, the order of the trial court is modified to allow Husband to claim the alimony payments as an income tax deduction, and is otherwise affirmed. This case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Jerry Kenneth Bland, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.