IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS MARCH 27, 2008

## STATE OF TENNESSEE, EX REL VENESSA MOORE
## v. MICHAEL STEVEN MOORE

Direct Appeal from the Juvenile Court for Shelby County
No. 138439     Curtis S. Person, Jr., Judge

No. W2007-01519-COA-R3-JV  - Filed July 3, 2008

Father/Appellant appeals the trial court's modification of child support.  Specifically, Appellant asserts that the trial court erred in setting support based upon eighty days of visitation as set out in Tenn. Comp. R. & Reg. 1240-2-4-.04(7)(a) rather than the 182.5 days used for fifty/fifty parenting situations as contemplated in Tenn. Comp. R. & Reg. 1240-2-4-.02(12).  Appellant also appeals the trial court's denial of his motion for continuance.  Finding no abuse of discretion, we affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Affirmed

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Christine W. Stephens, Jeannie M. Kosciolek, Memphis, TN, for Appellant

Robert E. Cooper, Jr., Attorney General and Reporter, Warren Jasper, Assistant Attorney General, Nashville, TN, for Appellee

**OPINION**

On July 7, 1989, Venessa Ann Moore ("Appellee") filed a Petition for Child Support in the Juvenile Court of Shelby County against Michael Steven Moore ( "Appellant"), seeking child support for the parties two minor children. By Order of July 14, 1989, Mr. Moore was ordered to pay $94.50 per month in child support and an income assignment order was entered on July 20, 1989. On August 3, 1989, Mr. Moore petitioned the court to modify his child support obligation. Mr. Moore's petition was denied by Order of September 5, 1989. On April 24, 1992, Mr. Moore again petitioned the court to set aside his child support obligation on the grounds that he had physical custody of the children. By Order of May 7, 1992, the court found that Ms. Moore had legal custody of the children, and that Mr. Moore's support obligation should be increased to $472.50 per month.

By Order of January 25, 1993, Mr. Moore was found in contempt for failure to comply with his support obligation under the May 7, 1992 Order. At that time, his arrearage was in the amount of $4,416.50. On March 25, 1993, Mr. Moore was relieved of the order of contempt upon payment of $450.00. On April 6, 1993, Ms. Moore filed a second petition for contempt against Mr. Moore. By Order of June 4, 1993, Mr. Moore was ordered to pay $187.00, and the petition for contempt was continued to July 2, 1993.

On July 2, 1993, Mr. Moore again petitioned the court to modify its previous order of support, asserting that the parties shared physical custody of the minor children. By Order of July 2, 1993, Mr. Moore was ordered to pay an additional $105.00 per month toward his arrearage, which arrearage totaled $6,141.56 at that time. Following a hearing on Mr. Moore's petition to modify child support, by Order of July 9, 1993, the trial court decreased Mr. Moore's support obligation to $157.50 per month in addition to the $105.00 payment toward arrears. An income assignment order was entered on August 12, 1993.

On January 18, 1995, Ms. Moore filed a third petition for contempt against Mr. Moore. By Order of November 28, 1995, Mr. Moore was ordered to jail until he paid $100.00. The total arrearage was established at $10,027.85. On September 19, 1996, Ms. Moore filed a fourth petition for contempt. By Order of October 14, 1996, Mr. Moore was again confined to jail until he purged himself of contempt with a $403.00 payment. On July 11, 1997, Ms. Moore filed her fifth petition for contempt. By Order of July 25, 1997, the court established Mr. Moore's arrearage at $9,082.53, and ordered him to pay an additional $157.00 per month toward that amount until same was satisfied. By Order of July 28, 1997, the trial court sustained Ms. Moore's petition, finding that Mr. Moore was able to comply with the order of support. Mr. Moore was ordered to make a partial payment of $500.00 toward his total arrearage.

On March 30, 1998, Ms. Moore filed a sixth petition for contempt. By Order of April 13, 1998, Mr. Moore was again ordered to jail until he purged himself of his contempt by paying $315.00 toward his arrears. The total amount of the arrears was established at $8,587.03. On January 7, 2000, Ms. Moore filed her seventh petition for contempt. By Order of March 1, 2000, the court sustained her petition, again finding that Mr. Moore had the ability to pay his support

obligation. The amount of the arrears was established at $4,052.00. Mr. Moore was ordered confined to jail until he paid the full amount of his arrearage. By Order of April 6, 2000, the purge amount was modified to $2,000.00.

On November 6, 2006, Mr. Moore filed a petition to modify child support, which petition gives rise to the present appeal. In his petition, Mr. Moore requests, *inter alia*, that:

> [T]he Court modify its former order of 7/09/93...to terminate ongoing child support obligation and award credit for the time that said child[ren] w[ere] in the fathers'... physical custody and care....

By Order of February 6, 2007, Mr. Moore was given credit in the amount of $4,950.00 "for necessaries provided for [the children] as of February 1, 2007." The amount of Mr. Moore's arrearage was established at $14,835.02, which amount was ordered to be paid at $50.00 per month. Mr. Moore's petition to modify support was continued. By Order of June 25, 2007, the trial court increased Mr. Moore's support obligation to $315.00 per month, beginning June 1, 2007, and ordered him to pay $25.00 per month toward his arrearage.

Mr. Moore appeals and raises two issues for review as stated in his brief:

> 1. Whether or not the trial court deviated from the Tennessee Child Support Guidelines when it calculated child support based on eighty (80) days of parenting time versus one-hundred and eighty two point five (182.5) days of parenting time for the Appellant.

> 2. Whether the trial court abused its discretion when it denied counsel's requests for a continuance.

Because this case was tried by the court sitting without a jury, we review the case ***de novo*** upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. ***See*** Tenn. R.App. P. 13(d). Furthermore, when the resolution of the issues in a case depends upon the truthfulness of witnesses, the trial judge who has the opportunity to observe the witnesses in their manner and demeanor while testifying is in a far better position than this Court to decide those issues. ***See McCaleb v. Saturn Corp.***, 910 S.W.2d 412, 415 (Tenn.1995); ***Whitaker v. Whitaker***, 957 S.W.2d 834, 837 (Tenn.Ct.App.1997). The weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. ***See id.***; ***see also Walton v. Young***, 950 S.W.2d 956, 959 (Tenn.1997).

We will first address Mr. Moore's second issue concerning whether the trial court erred in denying his requests for a continuance. We note that the trial court has broad discretion to grant or deny a continuance of a scheduled case and we will not set aside that decision unless there is a clear

showing of abuse of discretion. ***See, e.g., Barber & McMurry, Inc. v. Top-Flite Dev. Corp.***, 720 S.W.2d 469, 471 (Tenn.Ct.App.1986). The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives. ***State ex rel. Vaughn v. Kaatrude***, 21 S.W.3d 244, 248 (Tenn.Ct.App.2000). While we will set aside a discretionary decision if it does not rest on an adequate evidentiary foundation or if it is contrary to the governing law, we will not substitute our judgment for that of the trial court merely because we might have chosen another alternative.

During the June 4, 2007 hearing, Mr. Moore's attorney requested a continuance on grounds that there was a pending case in Circuit Court, which case could result in a finding that the parties actually had equal parenting time. Appellant argues that such determination would bear upon the determination of his child support obligation in the Juvenile Court proceeding. In response to Mr. Moore's request for continuance, the trial court explained that "the guidelines are based on what he's actually done in the last 12 months. So even if you got that Order [from the Circuit Court granting equal parenting time], the Court would still be bound by what has actually occurred in the last 12 months, which will be zero." From our reading of the entire transcript of the June 4, 2007 proceedings, it appears that the trial court did not abuse its discretion in continuing to hear proof on the issue of child support. This is particularly true in light of the fact that proof concerning actual parenting time was readily available at the date of the Juvenile Court hearing, and this information was adduced at that time. Furthermore, the trial court expressed concern that the children were approaching the age of majority, and that the issue of support needed to be settled as soon as practicable.

We now turn to the question of whether the trial court erred in setting support. Setting of child support and deviations from the guidelines are matters resting in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. ***State, ex rel. Vaughn v. Kaatrude***, 21 S.W.3d 244, 248 (Tenn.Ct.App.2000). On appeal, Mr. Moore contends that the trial court erred in applying Tenn. Comp. R. & Reg. 1240-2-4-.04(7)(a) rather than Tenn. Comp. R. & Reg. 1240-2-4-.02(12), which states:

> "Fifty-fifty Parenting/Equal Parenting" — For purposes of this chapter, parenting is fifty-fifty (50-50)or equal when the parents of the child each spend fifty percent (50%) of the parenting time with that child. On the Child Support Worksheet, each parent will be designated as having one hundred eighty two point five (182.5) days with the child. For purposes of calculating the support obligation, fifty fifty/equal parenting is a form of standard parenting.

In the instant case, the trial court set support based upon Tenn. R. Comp. R. & Reg. 1240-2-4-.04(7)(a), which states:

> These Guidelines presume that, in Tennessee, when parents live separately, the children will typically reside primarily with one parent, the PRP, and stay with the other parent, the ARP, a minimum of every other weekend from Friday to Sunday, two (2) weeks in the summer, and two (2) weeks during holidays throughout the year, for a total of eighty (80) days per year. The Guidelines also recognize that some families may have different parenting situations and, thus, allow for an adjustment in the child support obligation, as appropriate, in compliance with the criteria specified below.

In reaching its determination to base child support on Mr. Moore having the children eighty days per year, based upon the record before us, the trial court actually gave Mr. Moore a windfall. As set out above, the trial court stated that, in looking at the actual visitation exercised by Mr. Moore in the twelve months preceding the hearing, the amount of visitation was actually zero. There is nothing in the record on which this Court can determine that the order of visitation was fifty/fifty. However, even if we assume, *arguendo*, that Mr. Moore was, in fact, granted fifty/fifty visitation with Ms. Moore, he would still have to exercise that visitation in order to have his child support calculated under the 182.5 day presumption at Tenn. Comp. R.& Reg. 1240-2-4-.02(12). From the record before us, we cannot conclude that the trial court erred in basing Mr. Moore's support obligation on eighty days visitation rather than 182.5 days. In fact, the trial court's use of eighty days was generous given the record before us.

For the foregoing reasons, we affirm the trial court's Order. Costs of this appeal are assessed against the Appellant, Michael Steven Moore, and his surety.

_____
ALAN E. HIGHERS, P.J., W.S.