IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted on Briefs December 9, 2008

## STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES
v.
## LOUISE LELA TOLBERT and DANNY TAYLOR

### In the Matter of L.T.

**Appeal from the Juvenile Court for Shelby County**
**No. L2605     Herbert J. Lane, Judge**

_____

**No. W2008-01522-COA-R3-PT - Filed February 20, 2009**

_____

This appeal involves the termination of parental rights. The Department of Children's Services filed a petition seeking to terminate the parental rights of both the mother and father as to their minor daughter. After a trial, the trial court terminated the parental rights of both parents, finding clear and convincing evidence that grounds for termination existed and that termination would be in the child's best interest. The father appeals, arguing that the trial court erred in not ordering that he undergo a psychological evaluation. After review of the record, we find that counsel for father did not ask the trial court to have the father undergo a psychological evaluation, and that the issue is therefore waived on appeal. The father does not dispute that grounds for termination and the best interest of the child were established by clear and convincing evidence. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Johnna I. Duke, Memphis, Tennessee, for the Respondent/Appellant Danny Taylor

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Preston Shipp, Assistant Attorney General, for the Petitioner/Appellee State of Tennessee, Department of Children's Services

# MEMORANDUM OPINION[1]

## FACTS AND PROCEDURAL HISTORY

This appeal involves one child, L.T., born to Respondent Louise Lela Tolbert ("Mother") and Respondent/Appellant Danny Taylor ("Father") on February 1, 2000. Shortly after L.T. was born, she was taken into protective custody by the Tennessee Department of Children's Services ("DCS") and adjudicated to be dependent and neglected. Mother regained custody of her two years later, in 2002. Three years after that, in 2005, L.T. was again taken into protective custody. In 2006, the trial court again found her to be dependent and neglected.

On April 20, 2007, DCS filed a petition in the Juvenile Court of Shelby County to terminate Mother's parental rights as to L.T. Several months after the initial termination petition was filed, Father surfaced, appearing at a court hearing regarding L.T. Thereafter, on September 19, 2007, DCS filed an amended petition, naming Father[2] as a respondent and seeking termination of his parental rights.

The trial was held on April 25, 2008. The witnesses at trial included the DCS caseworker, L.T.'s foster mother, and Father.

During the trial, counsel for Father expressed concern to the trial judge about Father's understanding of the significance of the termination proceedings, but did not ask for a continuance, an evaluation, or other relief from the trial court. L.T.'s guardian ad litem suggested the possibility of a psychological evaluation to ascertain Father's level of understanding of the proceedings, but did not ask for a continuance for this or any other purpose. The termination proceedings were not continued and no psychological evaluation of Father was done. No objection was made.[3]

After hearing the evidence, the trial court found that grounds had been established for termination of the parental rights of both Mother and Father. As to Father, the trial court found, by clear and convincing evidence, that he had failed to file a petition to establish paternity of L.T. within thirty days of receiving notice of his alleged paternity by Mother under Tennessee Code Annotated

---

[1]**Rule 10. Memorandum Opinion**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

[2]The original petition misidentified L.T.'s biological father as "Danny Waynes."

[3]Father's only income was disability benefits, which he testified were because of his "eyes." The record had no evidence of incompetence or mental disability.

§ 36-1-113(g)(9)(A)(vi)[4] and that Father had abandoned L.T. under Section 36-1-113(g)(1) as defined in Section 36-1-102(1)(A)(i)[5] by his willful failure to visit L.T. during the four month period preceding the filing of the termination petition. The trial court also found by clear and convincing evidence that termination of both Mother's and Father's parental rights was in L.T.'s best interest. After the court entered its order of termination, Father filed a timely notice of appeal.[6]

## ISSUES ON APPEAL AND STANDARD OF REVIEW

Father raises only one issue on appeal, namely whether the trial court erred in not ordering that he undergo a psychological evaluation. He argues that an evaluation should have been ordered to establish whether he suffers from a disability so that a determination could be made both as to his ability to understand and defend himself in the proceedings and as to the possibility of obtaining treatment, adding that this might conceivably have enabled him to parent his child.

We review the trial court's specific findings of fact *de novo* on the record accompanied by a presumption of correctness, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *see In re M.J.B.*, 140 S.W.3d 643, 654 (Tenn. Ct. App. 2004). Some of the trial court's factual findings are based on its determinations of the credibility of the witnesses. On review, this Court affords considerable deference to the trial court's credibility determinations. *See McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. 1995) (citation omitted). We review the trial court's conclusions of law *de novo* without a presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001) (citations omitted).

---

[4]Section 36-1-113(g)(9)(A)(vi) states:

(9)(A) The parental rights of any person who, at the time of the filing of a petition to terminate the parental rights of such person or, if no such petition is filed, at the time of the filing of a petition to adopt a child, is not the legal parent or guardian of such child or who is described in § 36-1-117(b) or (c) may also be terminated based upon any one (1) or more of the following additional grounds:

\* \* \*

(vi) The person has failed to file a petition to establish paternity of the child within thirty (30) days after notice of alleged paternity by the child's mother, or as required in § 36-2-318(j), or after making a claim of paternity pursuant to 36-1-117(c)(3).

T.C.A. § 36-1-113(g)(9)(A)(vi) (2005).

[5]Section 36-1-102(1)(A)(i) defines "abandonment" as follows:

For a period of four (4) consecutive months immediately preceding the filing of a proceeding or pleading to terminate the parental rights of the parent(s) or guardian(s) of the child who is the subject of the petition for termination of parental rights or adoption, that the parent(s) or guardian(s) either have willfully failed to visit or have willfully failed to support or have willfully failed to make reasonable payments toward the support of the child.

T.C.A. § 36-1-102(1)(A)(i) (2005).

[6]The termination of Mother's parental rights is not at issue in this appeal.

Because Tennessee Code Annotated § 36-1-113(c)(1) requires a heightened burden of proof in parental termination cases, we must also "determine whether the facts, either as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements required to terminate a biological parent's parental rights." *In re M.J.B.*, 140 S.W.3d at 654 (citations omitted). Thus, we must "draw a distinction between specific facts and the combined weight of these facts." *Id.* at 654 n.35. The trial court's specific findings of fact are presumed correct, so long as they are supported by a preponderance of the evidence. *Id.* We "must then determine whether the combined weight of these facts provides clear and convincing evidence supporting the trial court's ultimate factual conclusion." *Id.*

### ANALYSIS

In Tennessee, proceedings concerning the termination of parental rights are governed by statute. To terminate the parental rights of the child's biological parent, two elements must be proven. First, the existence of at least one of the statutory grounds for termination must be shown. T.C.A. § 36-1-113(c)(1) (2005); *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003); *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Second, it must be proven that terminating the parental rights of the biological parent is in the child's best interest. T.C.A. § 36-1-113(c)(2) (2005); *In re A.W.*, 114 S.W.3d 541, 545 (Tenn. Ct. App. 2003); *In re Audrey S.*, 182 S.W.3d 838, 860 (Tenn. Ct. App. 2005). Both elements must be proven by clear and convincing evidence. T.C.A. § 36-1-113(c)(1) (2005); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002).

In this case, Father does not contest the trial court's findings that grounds exist to terminate his parental rights or that termination of his parental rights is in the best interest of L.T. He contends only that the trial court should have ordered that he undergo a psychological evaluation.

Although Father argues that the trial court should have ordered that he undergo a psychological evaluation, his attorney made no such request at trial. The guardian ad litem suggested that Father undergo an evaluation, observing at the same time that it might be "too late in the proceedings." No request for a continuance was made. When the trial court did not order an evaluation, Father's attorney made no objection. Rule 36 of the Tennessee Rules of Appellate Procedure provides that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a). Under all of these circumstances, we must conclude that the issue is waived on appeal. *See Schuett v. Schuett*, No. W2005-02482-COA-R3-CV, 2006 WL 3479528, at *5 (Tenn. Ct. App. Dec. 4, 2006).

More importantly, Father does not dispute on appeal the trial court's finding by clear and convincing evidence that Father willfully abandoned L.T. within the meaning of the termination statutes, establishing grounds for termination. Likewise, Father does not dispute on appeal the trial court's finding by clear and convincing evidence that termination of Father's parental rights was in the best interest of the child. Under these circumstances, he gives no indication that the unspecified evaluation would have made any difference, and in essence does not challenge the ultimate decision

-4-

by the trial court.  This leaves us with little choice but to affirm the trial court's termination of Father's parental rights.

## CONCLUSION

The decision of the trial court is affirmed.  The costs of this appeal are taxed to the appellant Danny Taylor, and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE