

**FILED**

**February 1, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:18 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Patrick Simmons | ) | Docket No. 2016-07-0249 |
| | ) | |
| v. | ) | |
| | ) | State File No. 83151-2015 |
| RHA/Trenton, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Remanded – Filed February 1, 2017

---

In this interlocutory appeal, the employer alleges the trial court erred in ordering it to provide the employee a panel of physicians for his alleged low back injury in light of the employee's failure to provide timely notice of the work accident. The trial court determined that, although the employee failed to provide timely notice of the accident, the employer failed to show any prejudice caused by the late notice and, therefore, the employee is not barred from seeking benefits. We affirm the trial court's determination and remand the case for further proceedings as may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Alex C. Elder, Germantown, Tennessee, for the employer-appellant, RHA/Trenton, Inc.

Greg D. Mangrum, Memphis, Tennessee, for the employee-appellee, Patrick Simmons

# Memorandum Opinion[1]

Patrick Simmons ("Employee") worked for RHA/Trenton, Inc. ("Employer"), as a "direct services provider." His job functions included assisting mentally-disabled residents with activities of daily living, including eating, walking, and personal hygiene. Employee alleged that on August 5, 2015, while assisting a resident into a chair, he twisted and experienced pain and other symptoms in his low back and leg. He did not inform Employer of this incident, but a co-worker testified that when she reported to work at the end of Employee's shift, he appeared to be in pain. Later that evening or early the next morning, Employee's symptoms worsened and his wife called for an ambulance.[2] At the emergency room, Employee told a nurse that he had twisted his back at work while assisting a patient.

Later that morning, Employee's wife sent a text message to his supervisor indicating that Employee would be unable to work because an emergency room doctor "took him off work." In the text, she described his condition as "sciatic nerve pain." There was no indication in the text that Employee's emergency room visit was due to a work injury. Although Employee testified he informed his supervisor of the work accident within several days of his emergency room visit, the supervisor denied any such conversation. The trial court concluded that both witnesses were credible and that it could not conclude Employee had provided notice of the work accident until October 7, 2015, well over thirty days after the occurrence. The court also concluded that Employee's explanation for his failure to give proper notice as required by Tennessee Code Annotated section 50-6-201 was insufficient, but that he was entitled to medical benefits because Employer had failed to show it was prejudiced by Employee's late notice.[3] It then determined that Employee had come forward with sufficient evidence indicating he is likely to prevail at trial in establishing a compensable injury and, therefore, was entitled to the initiation of medical benefits.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] Although the record is vague regarding whether Employee's wife called for an ambulance on August 5 or August 6, 2015, the emergency room report indicates Employee was treated in the early morning hours of August 6.

[3] In the first paragraph of its expedited hearing order, the trial court summarized its findings and indicated it found Employee had "provided proper notice." However, it is clear in the trial court's "Findings of Fact and Conclusions of Law" that it instead determined that Employee failed to give timely notice of the work injury. It awarded medical benefits based not on Employee's having given proper notice, but on Employer's failure to prove it was prejudiced by the late notice.

On appeal, Employer asserts that Employee "failed to prove proper adequate and correct notice of injury as required by [Tennessee Code Annotated] 50-6-201." However, other than this single sentence in its notice of appeal, and despite having requested and received additional time to file a brief, Employer filed no brief or position statement on appeal explaining its theory as to how the trial court erred or setting forth a legal argument in support of its appeal. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employer, we would essentially be acting as its counsel, which the law clearly prohibits us from doing. Courts on appeal will not "dig through the record in an attempt to discover arguments or issues that [a party] may have made" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015). Consequently, we affirm the trial court's finding that Employer presented no evidence it was prejudiced by Employee's late notice.

The notice requirement is governed by Tennessee Code Annotated section 50-6-201. In general, the injured worker is required to provide notice "immediately upon the occurrence of an injury or as soon thereafter as is practicable." Tenn. Code Ann. § 50-6-201(a)(1) (2015). Moreover, "[n]o compensation shall be payable . . ., unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal . . . ."[4] *Id.*

Thereafter, section 201(a)(2) describes the contents of proper written notice. It requires, "in plain and simple language, the name and address of the employee and the time, place, nature, and cause of the accident resulting in injury or death." Tenn. Code Ann. § 50-6-201(a)(2) (2015). Moreover, the notice must be signed by the employee or someone authorized to sign on the employee's behalf. Section 201(a)(3) then states that "[n]o defect or inaccuracy in the notice shall be a bar to compensation, unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice." Tenn. Code Ann. § 50-6-201(a)(3) (2015).

---

[4] For injuries occurring on or after July 1, 2016, an injured worker is required to provide notice within fifteen days of the accident. *See* Tenn. Code Ann. § 50-6-201(a)(1) (2016).

In reaching its conclusion in the present case, the trial court relied on our prior decision in *Buckner v. Eaton Corp.*, No. 2016-01-0303, 2016 TN Wrk. Comp. App. Bd. LEXIS 84 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2016), where we stated that a trial court should examine the issue of prejudice in assessing whether an employee's late notice bars his or her claim for benefits. As we explained in *Buckner*, no compensation is owed if the injured worker fails to provide the required notice within thirty days of the accident, unless the employee offers a "reasonable excuse" for the late notice. *Id.* at *6. To further clarify the analysis to be undertaken in circumstances where an employer alleges the employee failed to give proper notice, we note that the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel explained the appropriate analysis in *Dorris v. Am. Limestone Co.*, No. M2002-00741-WC-R3-CV, 2003 Tenn. LEXIS 321 (Tenn. Workers' Comp. Panel Apr. 25, 2003), as follows:

> [N]o benefits are recoverable unless [the] written notice is given within 30 days after the injurious occurrence, unless the injured worker has a reasonable excuse for the failure to give the required notice. . . . Whether or not the excuse offered by an injured worker for failure to give timely notice is sufficient depends on the particular facts and circumstances of each case. The presence or absence of prejudice to the employer is a proper consideration . . . . In determining whether an employee has shown a reasonable excuse for failure to give such notice, courts will consider the following criteria in light of the . . . reasons for the rule: (1) the employer's actual knowledge of the employee's injury, (2) lack of prejudice to the employer by an excusal of the notice requirement, and (3) the excuse or inability of the employee to timely notify the employer.

*Id.* at *4-5; *see also McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. 1995) ("The reasons for the [notice] requirement are (1) to give the employer an opportunity to make an investigation while the facts are accessible, and (2) to enable the employer to provide timely and proper treatment for the injured employee."). Thus, in circumstances where an employer alleges late notice in accordance with section 201(a)(1), prejudice or lack of prejudice to the employer is one of the relevant considerations in assessing whether the employee offered a reasonable excuse for the late notice. Furthermore, in circumstances where an employer alleges defective or inaccurate notice in accordance with section 201(a)(3), the employer has the burden of proving the extent of any prejudice resulting from the employee's defective notice before any relief can be granted.

In the present case, the trial court determined Employer failed to come forward with any evidence at the expedited hearing establishing any degree of prejudice caused by Employee's late notice. In its notice of appeal, Employer merely reiterates its position that Employee failed to provide sufficient notice of his injury. Yet, the trial court agreed with Employer that timely notice was not given and that finding is not at issue. It is the finding of a lack of prejudice that formed the basis of the trial court's order and a lack of

4

prejudice is an appropriate factor to consider when determining whether an employee's failure to give timely notice should be excused. On appeal, Employer has offered no factual basis or legal argument to challenge that finding and has provided no other argument as to why Employee's failure to give timely notice should be a bar to his claim for benefits. Accordingly, the trial court's order is affirmed and the case is remanded for further proceedings as may be necessary.

**FILED**

**February 1, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:18 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Patrick Simmons | ) | Docket No.    2016-07-0249 |
| | ) | |
| v. | ) | State File No.  83151-2015 |
| | ) | |
| RHA/Trenton, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 1st day of February, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Gregory D. Mangrum | | | | | X | mangrumlaw@comcast.net |
| Alex C. Elder | | | | | X | alex@holleyelder.com |
| Allen Phillips,  Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov