**IN THE SUPREME COURT OF TENNESSEE**
**AT NASHVILLE**

FILED

FOR PUBLICATION
December 7, 1998
Filed: December 7, 1998
Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| FAY THOMAS NUTT, | ) | |
| | ) | |
| PLAINTIFF/APPELLEE, | ) | WAYNE CHANCERY NO. 8926 |
| | ) | |
| v. | ) | Hon. Jim T. Hamilton, Chancellor |
| | ) | |
| CHAMPION INTERNATIONAL | ) | No. 01S01-9705-CH-00114 |
| CORPORATION, | ) | |
| | ) | |
| DEFENDANT/APPELLANT. | ) | |

FOR APPELLANT:

P. ALLEN PHILLIPS
JACKSON

FOR APPELLEE:

WM. LANDIS TURNER
HOHENWALD

# O P I N I O N

TRIAL COURT AFFIRMED AS MODIFIED                    HOLDER, J.

**OPINION**

We granted this appeal to determine whether an employer is entitled to an offset of long-term disability payments against a workers' compensation award for permanent total disability. A 1996 amendment to Tenn. Code Ann. § 50-6-114 permits offsets against workers' compensation benefits for payments made to an employee under an employer-funded disability plan. The plaintiff's injury pre-dated the effective date of the statute. We hold that the amendment is not retroactive and the employer is not entitled to an offset in this case.

**BACKGROUND**

The facts are not in dispute. Fay Thomas Nutt was employed by Champion International Corporation when he fell on November 15, 1990, injuring himself. The parties agree Mr. Nutt sustained a work-related injury leaving him permanently disabled. The parties also agree that he is entitled to the maximum benefit of $109,200 pursuant to Tenn. Code Ann. § 50-6-102(a)(6)(A).

From the date of injury to February 3, 1993, Mr. Nutt received $31,550.61 in temporary total disability benefits pursuant to the Workers' Compensation Act. From February 1993, through the November 26, 1996 trial, he received long-term disability benefits totaling $31,285 under a long-term disability plan offered by Champion.

The parties have agreed that the $109,200 in workers' compensation benefits should be reduced by $31,550.61, the amount of the temporary total disability benefits Champion has already paid. Champion contends that the

benefit amount should be further reduced by $31,285, the amount of benefits paid under the employer-provided, long-term disability plan.

At the time of Mr. Nutt's injury, he participated in a union-negotiated, long-term disability plan offered by Champion. The long-term disability plan was the result of an agreement reached between the Local 193 U.P.I.U. and Champion on February 7, 1990. The plan was optional for employees; participating employees paid one-half of one percent of their hourly base pay into the plan. Mr. Nutt chose to participate in the program and had regular salary deductions. Champion described the employee contribution as an administrative fee paid in order to operate the program.

On March 9, 1993, Mr. Nutt filed an action in Wayne County Chancery Court seeking disability benefits. Champion argued that a 1996 amendment to Tenn. Code Ann. § 50-6-114(b) should apply, allowing a set-off against the workers' compensation benefits for the amount Champion has already paid.

A hearing was held on November 26, 1996. The chancellor applied Tenn. Code Ann. § 50-6-114(b) and found that the plan was not entirely employer funded because the participating employees paid one-half of one percent of the costs of the disability plan. Accordingly, the chancellor found that the contract provision allowing the offset violated public policy and held that Champion was not entitled to an offset of $31,285.00.[1]

The Special Workers' Compensation Appeals Panel of the Tennessee Supreme Court reversed. The panel determined that the amended statute was

---

[1] After the chancellor's judgment, the parties entered a partial satisfaction of judgment showing that Champion had paid $37,091.51 of permanent total disability, $9,272.88 in attorneys' fees on the uncontested portion of the judgment, and $1,187 in discretionary costs to Mr. Nutt's counsel.

3

applicable and held that the collective bargaining agreement controlled.  The panel held that the employer is entitled to an offset for payment of long-term disability payments against the court award of workers' compensation benefits. Upon review, we reverse.

## RETROACTIVITY OF STATUTE

We must first determine whether the amended statute, Tenn. Code Ann. § 50-6-114(b), is applicable to Mr. Nutt's case.   Since we are dealing exclusively with conclusions of law, our standard of review on appeal is <u>de</u> <u>novo</u> without a presumption of correctness.  <u>Presley v. Bennett</u>, 860 S.W.2d 857, 859 (Tenn. 1993).

The amended statute in question took effect July 1, 1996, after the injury occurred in this case.  The provision states:

> (b) However, any employer may set off from temporary total, temporary partial, and permanent partial and permanent total disability benefits any payment made to an employee under an employer funded disability plan for the same injury, provided that the disability plan permits such an offset.  Such an offset from a disability plan may not result in an employee receiving less than the employee would otherwise receive under the Workers' Compensation Law.  In the event that a collective bargaining agreement is in effect, this provision shall be subject to the agreement of both parties.

Tenn. Code Ann. § 50-6-114(b).

This statute was codified in response to this Court's opinion in <u>McCaleb v. Saturn Corp.</u>, 910 S.W.2d 412 (Tenn. 1995).  In <u>McCaleb</u>, we held that an employer was not entitled to an offset based upon Tenn. Code Ann. § 50-6-114(a) which states:

4

> **Supremacy of chapter --** No contract or agreement, written or implied, or rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this chapter except as herein provided.

This Court reasoned that public policy would not support "any agreement which would reduce an employer's liability for permanent disability benefits under the Act." McCaleb, 910 S.W.2d at 416.

The Tennessee Constitution states, "That no retrospective law, or law impairing the obligations of contracts, shall be made." Tenn. Const. art. 1, § 20. Statutes are presumed to operate prospectively unless the legislature clearly indicates otherwise. Shell v. State, 893 S.W.2d 416, 419 (Tenn. 1995); Kee v. Shelter Ins., 852 S.W.2d 226, 228 (Tenn. 1993); State v. Defriece, 937 S.W.2d 954, 957 (Tenn. Ct. App. 1996), per. app. denied (Tenn. 1997). The 1996 amendment to Tenn. Code Ann. § 50-6-114 does not include a provision making subsection (b) retroactive.

Generally, the statute in effect at the date of the worker's injury governs the rights of the parties under workers' compensation law absent an indication of the legislature's contrary intent. Presley, 860 S.W.2d at 860, n.2; Oliver v. State, 762 S.W.2d 562, 566 (Tenn. 1988). An exception to the prospective-only application exists for statutes which are remedial or procedural in nature. Shell, 893 S.W.2d at 419; Kee, 852 S.W.2d at 228; Defriece, 937 S.W.2d at 957-58. Statutes deemed remedial or procedural apply retrospectively to causes of action arising before such acts became law and to suits pending when the legislation took effect.

A procedural or remedial statute is one that does not affect the vested rights or liabilities of the parties. Shell, 893 S.W.2d at 416. A procedural statute

5

is one that addresses the mode or proceeding by which a legal right is enforced. Saylors v. Riggsbee, 544 S.W.2d 609, 610 (Tenn. 1976) (citing Jones v. Garrett, 192 Kan. 109, 386 P.2d 194, 198-199 (1963)). Remedial statutes are defined as "[l]egislation providing means or method whereby causes of action may be effectuated, wrongs redressed and relief obtained . . . ." Defriece, 937 S.W.2d at 958 (citations omitted). "Statutes that create a new right of recovery or change the amount of damages recoverable are, however, deemed to have altered the parties vested right and thus are not considered remedial." Shell, 893 S.W.2d at 420 (citing Anderson v. Memphis Hous. Auth., 534 S.W.2d 125, 127-28 (Tenn. Ct. App. 1975)).

We find that the amendment to Tenn. Code Ann. § 50-6-114 is neither remedial nor procedural. The amendment affects the substantive rights of the employee by allowing offsets to the workers' compensation award. While the employee may receive payments from both disability plans and workers' compensation, the amendment guarantees that the employee will not receive less than what is due him under the workers' compensation law. The amendment also indicates that a collective bargaining agreement, if present, will control the manner of payment.

Since the amended statute is not retroactive, the only provision in effect at the time of Mr. Nutt's injury was subsection (a). That section does not provide for offsets. Therefore, Champion is not entitled to an offset of $31,285 against Mr. Nutt's workers' compensation award.

The ruling of the chancellor is affirmed for the reasons stated.

_____

JANICE M. HOLDER, JUSTICE

**Panel:**

Anderson, C.J.
Drowota and Barker, J.J.

Birch, J., Not Participating