IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. CHRISTOPHER STACY LONG**

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 99-CR-219    James E. Beckner , Judge**

---

**No. E1999-01205-CCA-R3-CD - Decided June 21, 2000**

---

Petitioner Christopher Stacy Long pled guilty to first degree murder and forgery.  Petitioner subsequently filed a petition for post-conviction relief, but his appointed counsel filed a motion to dismiss the petition and the trial court granted the motion.  Petitioner filed a second petition for post-conviction relief alleging the same grounds as the first petition and the trial court dismissed the second petition without an evidentiary hearing.  Petitioner challenges the summary dismissal of his second petition for post-conviction relief.  We reverse and remand for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

WOODALL, J. delivered the opinion of the court, in which WILLIAMS,  J. and GLENN, J. joined.

Christopher Stacy Long, Tiptonville, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter, Elizabeth B. Mamey, Assistant Attorney General, C. Berkeley Bell, Jr., District Attorney General, and John Dugger, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The record in this case is sparse.  It consists of the second petition for post-conviction relief, documents attached thereto, a motion for appointment of counsel, an affidavit of indigency, another affidavit, and the trial court's order dismissing the second petition for post-conviction relief.

We have been able to glean the following pertinent facts from the order entered by the trial court on November 1, 1999, which dismissed the second petition for post-conviction relief.

On October 27, 1998, Petitioner pled guilty to one count of first degree murder in the perpetration of  theft and one count of forgery.  That same date, Petitioner received concurrent sentences of life and one (1) year.  Petitioner filed his first petition for post-conviction relief on June 18, 1999, "alleging the same grounds as the instant petition."  While the first petition for post-conviction was pending, Petitioner's counsel filed a motion to dismiss the petition, stating that "[t]he

Petitioner has reviewed with appointed counsel the basis for the petition which he has filed *pro se*, and concluded, despite his earlier conclusion to the contrary, that the petition lacks merit." Upon the filing of this motion, the trial court dismissed the first petition for post-conviction relief. On October 11, 1999, within one (1) year of the date of his guilty pleas to first degree murder and forgery, Petitioner filed his second petition for post-conviction relief.

The trial court concluded its order dismissing the second petition by stating:

In this cause, the petitioner has filed the exact petition that he filed [previously]. . . For the foregoing reason, the petitioner's Petition for Post-Conviction Relief shall be dismissed.

The previous order dismissing the first petition for post-conviction relief is not a part of the record.

## ANALYSIS

Initially, the State acknowledges that pursuant to Tennessee Code Annotated section 40-30-209(c), a petitioner can withdraw a petition for post-conviction relief at any time before a hearing without prejudice to any rights to refile another petition within the one (1) year statute of limitations. Tenn. Code Ann. § 40-30-209(c) (1997). However, the State contends that the language in the trial court's order dismissing the second petition indicates that the dismissal was with prejudice. We cannot agree with this contention. The trial court's order dismissing the second petition makes absolutely no mention of whether the first petition was dismissed with prejudice. Further, the trial court's order contains no language from which it can be inferred that the first petition was dismissed with prejudice. Any conclusion about whether the first petition was dismissed with prejudice would be pure speculation.

As an alternative argument, the State asserts that summary dismissal was appropriate because the second petition, even if true, would not entitle Petitioner to post-conviction relief. Specifically, the State contends that Petitioner's claim that he received ineffective assistance of counsel during the guilty plea hearing has no merit because Petitioner only alleges that counsel failed to advise him that his release eligibility for the first degree murder sentence would be one hundred percent (100%). The State argues that a failure to advise about the collateral consequences of a guilty plea does not amount to ineffective assistance of counsel. In support of this argument, the State asserts that "[t]he petition contains not even an inkling that counsel misadvised petitioner." The petition, however, alleges that Petitioner's attorney advised him that both of the sentences for first degree murder and forgery would be served with a thirty percent (30%) release eligibility as indicated by the negotiated plea agreement. Petitioner asserts in his petition that he was advised upon being transferred to the Department of Correction that his life sentence for first degree murder would have to be served at one hundred percent (100%) with not more than a fifteen percent (15%) sentence reduction credit.

In any event, as noted above, the State correctly acknowledges that a petition for post-conviction relief can be withdrawn and refiled within the one (1) year original statute of limitations.

Our supreme court recently noted in <u>Cazes v. State</u>, 980 S.W.2d 365 (Tenn. 1998), that:

> The Post-Conviction Procedure Act of 1995, Tenn. Code Ann. § 40-30-201 et seq., has replaced the old Act. Tennessee Code Annotated section 40-300-209(c) (1997) provides that a petitioner may withdraw a petition at any time prior to the hearing *without prejudice to any rights to refile.*

<u>Cazes</u> 980 S.W.2d at 365, n. 2 (emphasis in original).

From the record, it appears that the first petition was dismissed prior to an evidentiary hearing. The State does not argue otherwise. Under the statute, as interpreted in <u>Cazes</u>, Petitioner withdrew his petition without prejudice to any rights to refile, as long as the refiling was done within the original period of the statute of limitations.

From the record before us, it appears that this matter must, therefore, be reversed and remanded for an evidentiary hearing on the second petition for post-conviction relief. If Petitioner makes a proper showing that he is entitled to appointed counsel, the trial court must appoint counsel.

## CONCLUSION

This matter is reversed and remanded for an evidentiary hearing consistent with this opinion.