IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 6, 2013

## STATE OF TENNESSEE v. CHARLIE BURKS

**Appeal from the Criminal Court for Shelby County**
**Nos. B-078894, B-078895      Lee V. Coffee, Judge**

---

**No. W2011-02567-CCA-R3-CD  - Filed June 21, 2013**

---

The State filed a motion to correct a clerical error pursuant to Tennessee Rule of Criminal Procedure 36, seeking to clarify sentence alignment for three sentences imposed upon appellant, Charlie Burks.  Following a hearing, the trial court entered an order clarifying that appellant's sentences were to be served consecutively.  It is from this order that he now appeals.  Based on our review, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

James E. Thomas, Memphis, Tennessee, for the appellant, Charlie Burks.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Tom Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This matter arose when, according to the State, the Tennessee Department of Correction ("TDOC") contacted it to clarify whether appellant's three incarcerative sentences were to be served concurrently or consecutively.  If the sentences were to be served concurrently, appellant was entitled to a parole hearing; however, if the sentences were to be served consecutively, he would not be so entitled.  TDOC did not have uniform judgment forms on file because the convictions occurred before such forms were required.  Thus, sentence alignment was unclear.  In response to TDOC's inquiry, the State filed a "Motion to Correct Clerical Error" in the Shelby County Criminal Court.

## I. Procedural History

The record establishes that appellant's criminal history includes the following: February 2, 1981, Desoto County, Mississippi, robbery with a deadly weapon (case #3647), sentenced to ten years in prison; November 19, 1981, Tipton County, Tennessee, robbery with a deadly weapon (case #1550), sentenced to thirty-five years in prison; November 3, 1983, Shelby County, Tennessee, robbery with a deadly weapon (case # 78895), sentenced to ten years in prison; and November 28, 1984, Shelby County, Tennessee, robbery with a deadly weapon (case # 78894), sentenced to seventeen years in prison.[1]

In the State's "Motion to Correct Clerical Error," it asserted that Shelby County had transferred appellant from Mississippi to stand trial for the two indictments for aggravated robbery and that appellant was returned to Mississippi to complete his ten-year sentence in that jurisdiction. When appellant's Mississippi sentence had expired, he was returned to Tennessee to begin service of his three sentences in TDOC.

The State contends that because these convictions predated the Sentencing Reform Act of 1989, the trial courts did not utilize a Uniform Judgment Document, and thus, TDOC did not receive a document that specified either concurrent or consecutive service of appellant's Tennessee convictions. The State inquired about the court files for these cases from the clerk's office, but personnel were unable to locate the files. However, the State appended an order signed by the Shelby County trial court indicating

> [t]hat Indictment Numbers 78895 and 78894 were ordered to be served consecutively and consecutive to [a] conviction from Tipton County, Tennessee, Number 1550 for Robbery with a Deadly Weapon, in which the defendant received a sentence of thirty-five (35) years.

That order was also contained in the department of correction's file.

In opposition, appellant's response to the State's motion contains two forms entitled "Jury Verdict, Mittimus Writ of Confinement," one of which indicated that the sentence for #78895 should be served consecutively to the Tipton County sentence in #1550 and the other of which was silent with regard to sentence alignment for case #78894. Appellant also attached correspondence from the mittimus department of the clerk's office that stated, "According to our records[,] your cases were concurrent to other cases."

---

[1] In what appears to be a computerized minute entry, appellant's sentence for #78894 was to be served consecutively to his sentence for #78895.

The trial court held a hearing on October 27, 2011. It subsequently filed an "Order Clarifying Record," in which it determined, based on an order signed by a previous trial judge, that appellant's three Tennessee sentences were to be served consecutively, resulting in an effective sentence of sixty-two years. Appellant now challenges this order.

## II. Analysis

### A. Appeal as of Right from a Motion to Correct Clerical Error

The State filed a motion to dismiss this appeal in our court in September 2012. In denying the State's motion, this court ordered the State to address the effect of the amendment to Tennessee Rule of Criminal Procedure 36 on this appeal. Effective July 1, 2012, the legislature amended Rule 36 to include that "[u]pon filing of the corrected judgment or order, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure." Tenn. R. Crim. P. 36. The State now concedes that the amended rule should be applied retroactively because it is remedial or procedural rather than substantive, and appellant's appeal was pending when the amended rule took effect.

"[A] basic rule of statutory construction provides that statutes are to be applied prospectively, unless the legislature clearly indicates to the contrary." *Shell v. State*, 893 S.W.2d 416, 419 (Tenn. 1995). However, an exception exists for statutes that are procedural or remedial in nature: "[S]tatutes affecting only the method or the procedure for prosecuting or defending a cause of action may be applied retroactively." *Id.* Procedural statutes are "one[s] that address[] the mode or proceeding by which a legal right is enforced[,]" and remedial statutes are "'[l]egislation providing means or method whereby causes of action may be effectuated, wrongs redressed[,] and relief obtained . . . .'" *Nutt v. Champion Int'l Corp.*, 980 S.W.2d 365, 368 (Tenn. 1998) (quoting *State v. Defriece*, 937 S.W.2d 954, 958 (Tenn. Ct. App. 1996)). A legislative enactment that changes or broadens the jurisdiction of a court is remedial in nature. *Defriece*, 937 S.W.2d at 958.

Recently, our supreme court dealt with a similar question regarding the retroactive application of an amendment of a rule of criminal procedure and determined that the rule in question, Tennessee Rule of Criminal Procedure 37(b)(2)(A), was remedial in nature and its amendment applied to appeals pending on its effective date. *See State v. Kenneth D. Hubanks*, No. W2007-00906-SC-R11-CD, slip op. at 1 (Tenn. Nov. 2, 2012) (per curiam order). That case concerned the requirements for review of a certified question, and the effect of the amendment was that this court reviewed the question when it would not have done so prior to the amendment. *See State v. Kenneth D. Hubanks*, No. W2007-00906-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App. June 6, 2013). While *Hubanks* involved a different

procedural rule than the one before us in this case, the supreme court's reasoning in its remand order is nonetheless instructive. Another panel of this court has determined that the amendment to Tennessee Rule of Criminal Procedure 36 could not be applied retroactively when the amendment was not in effect on the date that the notice of appeal was filed, reasoning that the jurisdiction of this court could not be broadened by the amendment of Rule 36. *See State v. Travis Davison*, No. W2011-02167-CCA-R3-CO, 2012 WL 5868928, at *1 n.1 (Tenn. Crim. App. Nov. 20, 2012) (no perm. app. filed). However, the cases to which that panel referred concerned the premature filing of notices of appeal, not the retroactivity of statutes. The case law regarding retroactivity of statutes and the supreme court's order in *Hubanks* make it clear that a remedial statute broadening the jurisdiction of a court can be applied retrospectively to cases pending on appeal at the time of the amendment. Therefore, we conclude that the amendment to Rule 36 can be applied retroactively to appellant's case.

## B. Characterization of the Proceedings

Next, we must determine whether the proceedings in the trial court should be fairly characterized as correction of "clerical mistakes in judgments, orders, or other parts of the record, [or] errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36.

We note that the mittimus addressing case #78895 stated that appellant's ten-year sentence would be served consecutively to his Tipton County thirty-five year sentence in case #1550. It further noted that case #78894 was still pending in the trial court and was set for trial on February 27, 1984. Although the copy of the mittimus for case #78895 contained in the record does not bear a date, this court gleans from the contents thereof that it predated the trial date of February 27, 1984. The mittimus pertaining to case #78894 was dated December 18, 1984, and noted that appellant was sentenced to serve seventeen years. It did not address sentence alignment for this sentence. However, the following day December 19, 1984, the trial court entered an "Order Transferring Defendant to Mississippi State Penitentiary, Parchman, Miss.[,] Pursuant to Interstate Agreement on Detainers." In this order, the trial court confirmed "[that] Indictment Numbers 78895 and 78894 were ordered to be served consecutively and consecutive to [a] conviction from Tipton County, Tennessee, Number 1550 for Robbery With a Deadly Weapon, in which the defendant received a sentence of thirty-five (35) years."

We take notice that appellant received correspondence from the clerk's office indicating that his sentences were to be served concurrently with each other. In light of the three court orders that stated otherwise, this information was clearly incorrect. While it is regretful that appellant was misinformed by the clerk's office, the letter carries no precedential value in the face of orders from the court to the contrary.

The ambit of Rule 36 of the Tennessee Rules of Criminal Procedure is the correction of clerical mistakes in judgments, orders, or the record. In considering whether there has been a clerical error, this court has held:

> [T]he record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

*Adrian Wilkerson v. Howard Carlton, Warden*, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227, at \*5 (Tenn. Crim. App. Nov. 20, 2008) (internal citations omitted).

Our review of the 1984 orders from the original trial court confirm that the trial court did, indeed, order consecutive service of all three of appellant's Tennessee convictions, resulting in an effective sentence of sixty-two years. No portion of the judgment was omitted or erroneously entered. *See* Tenn. R. Crim. P. 36 (noting that the rule applies to "clerical mistakes in *judgments*, orders, or other parts of the record, [or] errors in the record arising from oversight or omission") (emphasis added). The fact that no judgment form, *per se*, existed in this case is irrelevant to our determination; there was, nonetheless, a valid court order imposing three consecutive sentences. The trial court in the instant matter did not "correct clerical mistakes" in a judgment, an order, or any part of the record. *See* Tenn. R. Crim. P. 36. It *clarified* an existing order of the court. *Clarification* of a judgment or order is not within the purview of Rule 36. Accordingly, this appeal must be dismissed on the merits.

**CONCLUSION**

Based on our review of the record, the parties' briefs, and controlling case law, we dismiss the appeal.

_____
ROGER A. PAGE, JUDGE