IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 6, 2020 Session

## KELSEY LIGHT v. PATTMAN, LLC D/B/A WENDY'S RESTAURANT

**Appeal from the Chancery Court for Henry County**
**No. 24347     Donald E. Parish, Judge**

_____

### No. W2019-02228-COA-R3-CV
_____

This appeal arises from the trial court's denial of a motion to compel arbitration filed by the Defendant. In its order denying the motion to compel, the trial court failed to make any factual findings. Further, there is no indication that any proof was considered by the trial court. We vacate the trial court's order and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Brian F. Walthart, Nashville, Tennessee, for the appellant, Pattman, LLC d/b/a Wendy's Restaurant.

Jason A. Lee and Ally D. Hargett, Nashville, Tennessee, for the appellee, Kelsey N. Light.

### OPINION

### BACKGROUND AND PROCEDURAL HISTORY

On June 3, 2019, Plaintiff Kelsey Light ("Ms. Light") commenced the present litigation by filing a complaint for damages in the Henry County Chancery Court. Ms. Light's complaint was brought against her former employer, Defendant Pattman, LLC ("the Defendant"), a Kentucky entity that operates a Wendy's restaurant in Paris, Tennessee. The complaint alleged that Ms. Light had been constructively discharged from her employment at Wendy's and specifically contended that she had been the victim of unlawful sexual harassment, sex discrimination, and a hostile work environment, among other things.

On July 23, 2019, the Defendant filed an answer, and shortly thereafter, on August 5, 2019, Ms. Light filed a motion to strike certain of the affirmative defenses that had been asserted by the Defendant. Ms. Light later agreed not to pursue her motion, however, and it was stricken by the trial court, "without prejudice to refile," in light of the "Defendant's agreement to file an amended answer addressing the concerns" that Ms. Light had raised. The Defendant's amended answer was subsequently filed on September 9, 2019. Of note, the amended answer stated that the case should be stayed and that the parties should be ordered to participate in binding arbitration under the terms of an alleged written contract between them.

The Defendant filed a formal motion to compel arbitration between the parties on September 30, 2019. In a contemporaneously-filed supporting memorandum, the Defendant argued that Ms. Light had previously signed a document to arbitrate disputes with it. This claimed arbitration agreement, which the Defendant submitted through an affidavit of an employee in its Human Resources Department, provides in pertinent part as follows:

> Because of, among other things, the delay and expense which result from the use of the court systems, The Company (and its related affiliates, and/or their current or former employees) and I agree that any legal or equitable claims or disputes arising out of or in connection with the employment, terms and conditions of employment, or termination of employment will be resolved exclusively by binding arbitration instead of in a court of law or equity. This agreement applies to all disputes involving legally protected rights (e.g., local, state and federal statutory, contractual or common law rights) regardless of whether the statute was enacted or the common law doctrine was recognized at the time this agreement was signed.
>
> . . . .
>
> I understand that by signing this agreement that I am agreeing to substitute one legitimate dispute resolution form (arbitration) for another (litigation), thereby waiving any right to have my dispute resolved in court.

The following month, Ms. Light filed a response in opposition to the Defendant's motion to compel arbitration. Within her response, Ms. Light asserted a host of issues. A series of subsequent filings by the parties soon ensued, and after a "hearing" at which neither side offered any proof, the trial court entered an order denying the Defendant's motion to compel arbitration. Notably, the trial court's order did not address every contention Ms. Light had raised in opposition to the Defendant's motion, and the language contained in the order alludes to the existence of unresolved factual disputes, including

concerning whether the parties had even entered into an agreement to arbitrate.[1] The trial court specifically held that it was going to address a legal question "without resolving any factual dispute." In ultimately denying relief to the Defendant, the trial court simply held that "the purported arbitration agreement does not clearly waive plaintiff's right to a trial by jury against [the Defendant] in language that is reasonably understandable to persons of limited education." This appeal followed.

## DISCUSSION

The Defendant has appealed to this Court asserting that the trial court erred when it denied the motion to compel arbitration. In assessing the propriety of the trial court's decision, we adhere to the following standard of review:

> This court reviews a denial of a motion to compel arbitration, whether under the Federal Arbitration Act or the Tennessee Uniform Arbitration Act, using the same standards that apply to bench trials. *Hubert v. Turnberry Homes, LLC,* No. M2005-00955-COA-R3-CV, 2006 WL 2843449, at *2 (Tenn. Ct. App. Oct. 4, 2006) (No Tenn. R. App. P. 11 application filed); *Spann v. Am. Express Travel Related Servs. Co.*, 224 S.W.3d 698, 706-07 (Tenn. Ct. App. 2006). The standards this court uses to review the results of bench trials are well settled. With regard to a trial court's findings of fact, we review the record de novo and will presume that the findings of fact are correct "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d).

> . . . .

> The presumption of correctness afforded by Tenn. R. App. P. 13(d) applies only to findings of fact, not to conclusions of law. *Cumberland Bank v. G & S Implement Co., Inc.,* 211 S.W.3d 223, 228 (Tenn. Ct. App. 2006). Accordingly, we review a trial court's resolution of legal issues without employing a presumption of correctness and reach our own independent conclusions regarding these matters. *Johnson v. Johnson,* 37 S.W.3d 892, 894 (Tenn. 2001); *Nutt v. Champion Int'l Corp.,* 980 S.W.2d 365, 367 (Tenn. 1998); *Knox County Educ. Ass'n v. Knox County Bd. of Educ.,* 60 S.W.3d 65, 71 (Tenn. Ct. App. 2001); *Placencia v. Placencia,* 48 S.W.3d 732, 734 (Tenn. Ct. App. 2000).

---

[1] The second sentence of the trial court's order, for example, reads as follows: "The defendant has moved to compel arbitration . . . pursuant to language which **the defendant says** is a part of the employment application [of Ms. Light] and, therefore, the employment terms." (emphasis added). Moreover, when communicating its holding, which was apparently specifically predicated on the legal insufficiency of the claimed waiver of a right to a trial, the trial court referred to the agreement proffered by the Defendant as "the **purported** arbitration agreement." (emphasis added).

*Cabany v. Mayfield Rehab. & Special Care Ctr.*, No. M2006-00594-COA-R3-CV, 2007 WL 3445550, at *3 (Tenn. Ct. App. Nov. 15, 2007).

Having carefully considered the trial court's order, we are of the opinion that we are presently unable to weigh in on the arbitrability of Ms. Light's claims. As previously noted, the trial court's specific holding was a narrow one. The vast majority of Ms. Light's asserted arguments in opposition to arbitration were not addressed, and the one holding that the trial court did provide was qualified and bereft of any particularized findings as to Ms. Light. As it is, the court did not actually make any factual findings, and as pointed out in the previous footnote to this Opinion, the precise circumstances of any type of agreement were not resolved. Indeed, the agreement relied upon by the Defendant was merely described as a "purported" one. The court specifically noted that neither side had offered any proof at the hearing and indicated that it had simply looked to the parties' "briefs and oral argument."

Given these circumstances and the sparseness of the trial court's order, we are compelled to remand this case for further proceedings. The trial court should indicate what *evidence* it is relying upon and make findings pertaining to the entry into, or lack thereof, the claimed agreement. Assuming *arguendo* that we were to ultimately agree with the Defendant that the language of the claimed agreement was legally sufficient to establish the arbitrability of the claims in this case, the fact remains that the threshold factual issue of whether an arbitration agreement even existed between the parties was not established. Whereas the trial court apparently attempted to sidestep that factual proposition on claimed legal grounds, even its cited legal justification was divorced from any facts particularized to Ms. Light. Moreover, no evidence was cited to by the trial court.

Further consideration of this case by the trial court is clearly needed in our view. Before we are able to broach a review of the arbitrability question, we must necessarily understand what facts and evidence upon which the trial court is relying. Insofar as the trial court's order admits, that is an open question at this point.[2] Clearly, there is more for the trial court to do.

As previously mentioned, Ms. Light's opposition to arbitration involved the assertion of several different arguments. Among other things, for instance, she asserted what amounts to a cost-based unconscionability defense, *see generally Stokes v. Allenbrooke Nursing & Rehab. Ctr. LLC*, No. W2019-01983-COA-R3-CV, 2020 WL 5536704 (Tenn. Ct. App. Sept. 15, 2020), and also argued that the Defendant had waived its claimed right to arbitration. In connection with the remand proceedings, the trial court should, for the sake of judicial economy in this case, address these as well as all other defenses that Ms. Light has raised. We would like to avoid, if at all possible, the potential

---

[2] In fact, as already noted, there is no indication in the current order that any evidence was considered by the trial court.

necessity of further remands in any future potential appeals.[3]

## CONCLUSION

For the reasons stated above, the trial court's order denying the Defendant's motion to compel arbitration is hereby vacated, and the case is remanded to the trial court for further proceedings consistent with this Opinion.

_s/ Arnold Goldin_____
ARNOLD GOLDIN, JUDGE

---

[3] We certainly do not intend to suggest that a trial court is categorically foreclosed from pretermitting issues when there is one dispositive concern, whether factual or legal, that enables a matter in a case to be quickly and efficiently resolved. Indeed, such a pretermitting of issues can in fact be a boon to judicial economy in certain circumstances. Here, however, given the present posture of this case we find it prudent for the trial court to address all of Ms. Light's defenses to arbitration on remand.