IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2024

## JUSTIN ZACHERY CONNERS v. KELLY SUZANNE HAHN

**Appeal from the Chancery Court for Williamson County**
**No. 19CV-48608      Joseph A. Woodruff, Judge**

_____

### No. M2023-01038-COA-R3-CV

_____

A wife appeals from the final judgment in a protracted divorce. Based on the proof at trial, the court classified and divided the marital estate, adopted a permanent parenting plan, set monthly child support, and awarded the husband retroactive support back to the date of the divorce filing. The wife raises numerous issues on appeal, many of which we deem waived for failure to comply with our procedural rules. Because the final order lacks sufficient factual findings with respect to the calculation of retroactive child support, we vacate that award and remand for additional findings. Otherwise, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Vacated in Part, and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

Justin P. Walker, Franklin, Tennessee, and Carl Roberts, Jr., Elizabethton, Tennessee, for the appellant, Kelly Suzanne Hahn.

Craig H. Brent and Karen W. Grochau, Franklin, Tennessee, and Travis Hawkins, Chattanooga, Tennessee, for the appellee, Justin Zachery Conners.

## OPINION

### I.

### A.

In August 2019, Justin Zachery Conners ("Husband") filed for divorce from his wife of ten years, Kelly Suzanne Hahn ("Wife"). As grounds, Husband alleged irreconcilable

differences, inappropriate marital conduct, adultery, and habitual drunkenness or abuse of narcotic drugs. He sought an equitable division of the marital estate, primary residential custody of their two minor children, child support, and attorney's fees. Wife answered and filed a counter-complaint for divorce requesting spousal support and attorney's fees.

Discovery disputes and multiple withdrawals of counsel repeatedly delayed the proceedings. Wife's first attorney moved to withdraw based on a breakdown in client communication. Although the court granted the request, the attorney later resumed the representation. But his reappearance was short-lived. A few months later, the attorney moved to withdraw again; this motion was based on Wife's lack of cooperation in completing her discovery responses. The attorney explained that he had contacted or attempted to contact Wife "countless times," but his attempts were "largely unsuccessful." The court allowed the withdrawal and gave Wife a deadline for responding to outstanding discovery.

Wife quickly retained new counsel, who attempted to comply with the court's discovery deadline. But Husband was dissatisfied with Wife's discovery responses. He moved for sanctions, complaining that, for the most part, the responses were inadequate and the objections invalid. The court agreed. As a sanction for Wife's continued failure to complete discovery, the court granted Husband a divorce and dismissed Wife's counter-complaint. It also granted Husband his requested attorney's fees. The court reserved decision on the amount of the award for the final hearing.

In early 2023, the court set a final hearing on the remaining issues. But this date proved unworkable. After a couple of continuances, a new date was selected—May 8, 2023.

In March, Wife's second attorney moved to withdraw based on escalating attorney-client conflict. Husband did not oppose the withdrawal, but he insisted that the trial proceed as scheduled. Wife, on the other hand, objected to her attorney's request in a lengthy pro se filing. She expressed dissatisfaction with the attorney's performance and blamed the attorney for the deficiencies in her discovery responses. After questioning Wife's attorney, the court concluded that Wife did not proffer "a true and accurate representation of facts in this matter." Rather, her pro se filing was "substantive proof that the Motion to Withdraw should be granted based upon the conflict between attorney and client." The court granted the motion, reasoning that it was "impossible and unethical" for the attorney to continue the representation.

At the hearing on the motion to withdraw, Wife indicated that she intended to hire replacement counsel. The court informed her that, if she needed additional time, she should "file a Motion to Continue in this matter, serve it on [Husband's attorney] via email, and set it for an in-person hearing on April 26, 2023, at 1:30 p.m." Wife filed a motion to continue as instructed. Yet only Husband and his counsel were present when court

convened for the in-person hearing. After a fruitless search for Wife, the court denied the motion. Later that day, Wife contacted the trial judge. Upon learning that her motion had been denied, she claimed to have misunderstood the court's instructions. She assumed that the court would grant her request if she filed a written motion. The judge corrected her misconception and explained that trial would proceed as scheduled. Four days before trial, Wife filed an "urgent motion for relief," but the untimely motion was not set for a hearing.

B.

As promised, the court held the final evidentiary hearing on May 8, 2023. Lacking either a trial transcript or statement of the evidence, we glean our description of what transpired at trial from the court's final order. Wife "chose to represent herself at the trial . . . despite the [c]ourt having given her ample opportunity to obtain new counsel or properly request a continuance of the trial date." Wife's "speech and . . . mannerisms" prompted the court to order her to submit to a drug screen. Because she tested positive for methamphetamines, amphetamines, and ecstasy, the court found her incompetent to testify. Still, it "offered [her] the opportunity to present evidence," which "she declined and waived." And, at the close of proof, the court invited Wife to make an argument. But she did not avail herself of this opportunity.

After considering the applicable statutory factors, the court awarded custody of the children to Husband, who had been their sole caregiver since Wife "abandoned" the family in July 2019. Wife never paid any child support. And she made little effort to remain in contact with the children. Finding Wife's relationship with the children was "virtually nonexistent," the court named Husband the primary residential parent. It also determined that adoption of Husband's proposed permanent parenting plan was in the children's best interest.

The court found Husband's proposed division of the marital estate was fair and equitable with a few exceptions.[1] It awarded the marital residence to Husband so that the children could remain "in the only home that they ha[d] ever physically known, or that they c[ould] remember." It divided the equity in the home and the remaining marital property equally between the parties.

As for Husband's request for an award of attorney's fees, the court determined that his incurred, but unpaid, attorney's fees constituted marital debt. *See* Tenn. Code Ann. § 36-4-121(b)(1)(B) (Supp. 2024). It allocated payment of that debt to Wife based on her dilatory behavior during the divorce proceedings and the benefit she received from the work of Husband's attorney. The court also quantified the amount of attorney's fees it had

---

[1] The court adjusted the value of Husband's 401(k) plan and his proposed division of the marital portion of the proceeds from a personal injury settlement.

3

previously awarded Husband as a discovery sanction. After considering the applicable statutory factors, the court declined to award Husband any additional attorney's fees as alimony in solido.

Per the Child Support Guidelines, the court ordered Wife to pay $661 in monthly child support. Based on the evidence at trial, the court determined the amount of Husband's monthly gross income as well as appropriate amounts for the children's health insurance and work-related childcare expenses. The court found Wife to be voluntarily unemployed. Without reliable evidence of her earning capacity, it imputed income to Wife equal to the average gross income of female parents in Tennessee as provided in the Guidelines.

The court awarded Husband retroactive child support back to the date of the divorce filing. *See* TENN. COMP. R. & REGS. 1240-02-04-.06 (2021). The court calculated the amount owed for the retroactive period as well as the amount owed for pendente lite support. Based on those calculations, it granted Husband a $22,460 judgment against Wife for child support arrearages.

Finally, the court found Husband was entitled to set off the judgments he was awarded for attorney's fees and child support arrearages against Wife's share of the marital estate. *See* Tenn. Code Ann. § 25-1-103 (2017).

## II.

Wife lists numerous issues in her statement of the issues on appeal. She challenges the court's denial of her motion to continue trial. She contends the court erred in its classification, valuation, and division of marital property and debt. She claims the evidence preponderates against the amount of child support awarded. And she faults the court's method for calculating retroactive support. For his part, Husband seeks an award of attorney's fees on appeal.

### A. Motion for Continuance

As her first issue, Wife asserts that the court "abused its discretion in denying [her] *Motion for Continuance* when Wife demonstrated that she had tried and failed to hire numerous attorneys on short notice, Wife is a legally blind amputee, and the court found Wife incompetent to testify on the day of trial."[2] Whether to grant or deny a motion for

---

[2] In her brief, Wife argues that the court's failure to continue the trial sua sponte after she tested positive for illegal substances violated her right to due process. *See* U.S. CONST. amend. XIV, § 1; TENN. CONST. art. I, § 8. We conclude that this argument does not "fall[] within the scope" of Wife's stated issues. *Trezevant v. Trezevant*, 696 S.W.3d 527, 531 (Tenn. 2024). So we deem this issue waived. *See Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (recognizing "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)").

continuance is a matter left to the court's discretion. *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997). Our review of discretionary decisions is limited. *Beard v. Bd. of Pro. Resp.*, 288 S.W.3d 838, 860 (Tenn. 2009). We will not disturb the court's decision "unless the record clearly shows abuse of discretion and prejudice to the party seeking a continuance." *Blake*, 952 S.W.2d at 415.

A trial court may grant a continuance at any time upon a showing of good cause. Tenn. Code Ann. § 20-7-101 (2021). These decisions "are fact-specific." *Nagarajan v. Terry*, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003). In making its decision, the court should consider "(1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted." *Id.* (footnotes omitted).

Here, the court did not abuse its discretion in denying Wife's motion. We recognize that Wife's counsel withdrew mere weeks before the scheduled trial. But Wife's pro se status does not excuse her from complying with the same substantive and procedural rules imposed on represented parties. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). Given the timing of the withdrawal, the court allowed Wife to file a motion to continue and "set it for an in-person hearing on April 26, 2023, at 1:30 p.m." Wife knew that "it was her sole responsibility to get this done if she wanted a continuance." As grounds for a continuance, Wife pointed to her counsel's withdrawal and asserted that she had "exhausted all immediately available resources with which to procure representation." Yet Wife forfeited her opportunity to support this assertion at the hearing. We find Wife's contrary arguments unpersuasive as she relies on facts that were not before the court when it denied her motion.

## B. Classification, Valuation, and Division of the Marital Estate

Wife also takes issue with the trial court's classification, valuation, and division of the marital assets and debts. Rule 7 of this Court requires a party raising such issues to include with their brief a table listing "all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts." TENN. CT. APP. R. 7(a). Additionally, table entries "must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt . . . and . . . where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt . . . can be found." *Id.* 7(b). Wife's brief does not contain a Rule 7 table.

We have described the Rule 7 table as "essential." *Blount v. Blount*, No. E2017-00243-COA-R3-CV, 2018 WL 1433198, at *3 (Tenn. Ct. App. Mar. 22, 2018); *Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June 30, 2010). The table is so essential that a failure to comply with Rule 7 may be deemed a waiver of issues related to the classification, valuation, and division of property. *Forbess*

*v. Forbess*, 370 S.W.3d 347, 354 (Tenn. Ct. App. 2011); *see also Butcher v. Butcher*, No. W2011-01808-COA-R3-CV, 2012 WL 2107977, at *2 (Tenn. Ct. App. June 12, 2012) ("We have held that the failure to comply with Rule 7 of the Court of Appeals waives issues relating to the requirements of the Rule."); *Rountree v. Rountree*, 369 S.W.3d 122, 133 n.7 (Tenn. Ct. App. 2012) ("It is well settled that 'where an appellant fails to comply with this rule, that appellant waives all such issues relating to the rule's requirements.'" (quoting *Harden*, 2010 WL 2612688, at *8)).

Although we may overlook a missing table "[f]or good cause," we find none here. TENN. R. APP. P. 2. Because Wife failed to comply with Rule 7, we deem her issues related to the classification, valuation, and division of the parties' property and debts waived.[3] *See Forbess*, 370 S.W.3d at 354.

## C. Child Support

Wife challenges the factual underpinnings of the court's child support decision. Specifically, she claims the evidence does not support the court's findings on Husband's gross income and his reasonable work-related childcare expenses. She also disputes the finding that she was voluntarily unemployed. We review child support decisions for an abuse of discretion. *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). When reviewing a discretionary decision, we presume the court's underlying factual findings are correct unless the evidence in the record preponderates against them. *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 525 (Tenn. 2010); TENN. R. APP. P. 13(d).

Wife has the burden of proving that the evidence preponderates against the court's findings. *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). Thus, she has the duty to provide us with a sufficient evidentiary record from which we can make that determination. *See Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005). Yet she did not file a transcript or statement of the evidence. *See* TENN. R. APP. P. 24(b), (c). This places her "at a distinct disadvantage" when challenging the court's assessment of the evidence. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988). Without an adequate record, we must presume that there was sufficient evidence before the trial court to support its factual findings. *In re Estate of Henderson*,

---

[3] This means that Wife's issue with respect to the award of Husband's incurred, but unpaid, attorney's fees has been waived. The court found these fees to be marital debt and allocated responsibility for payment of this debt to Wife. *See* Tenn. Code Ann. § 36-4-121(b)(1)(B), (i)(2). We note that the court applied a version of the equitable division statute that was not in effect when this case was filed. *See* 2022-1 Tenn. Code Ann. Adv. Legis. Serv. 546 (LexisNexis) (effective date March 31, 2022). "Statutes are presumed to operate prospectively unless the legislature clearly indicates otherwise." *Nutt v. Champion Int'l Corp.*, 980 S.W.2d 365, 368 (Tenn. 1998). So unless the amendment was procedural or remedial, it should not have been applied in this case. *See id.* But because neither party has raised this error as an issue on appeal, we do not address it. *See State v. Bristol*, 654 S.W.3d 917, 923 (Tenn. 2022); *Hodge*, 382 S.W.3d at 334; TENN. R. APP. P. 13(b).

121 S.W.3d 643, 647 n.5 (Tenn. 2003); *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). So Wife's evidentiary challenge must fail.[4]

## D. Retroactive Child Support

Wife contends that "the trial court failed to follow the Guidelines and erroneously calculated retroactive support." Again, our standard of review is deferential. *Richardson*, 189 S.W.3d at 725. Yet even "[d]iscretionary decisions must take the applicable law and the relevant facts into account." *Lee Med., Inc.*, 312 S.W.3d at 524.

Decisions on retroactive child support "must be made within the strictures of the Child Support Guidelines." *Richardson*, 189 S.W.3d at 725; *see also Berryhill v. Rhodes*, 21 S.W.3d 188, 193 (Tenn. 2000); Tenn. Code Ann. § 36-5-101(e)(1)(A) (Supp. 2024). The Guidelines, "when properly applied, create a rebuttable presumption of the proper award." *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005). In its discretion, a trial court may deviate from the presumptive amount. *State v. Wilson*, 132 S.W.3d 340, 343 (Tenn. 2004). But when it does, "the tribunal must state in its order the basis for the deviation and the amount the child support order would have been without the deviation." Tenn. Comp. R. & Regs. 1240-02-04-.07(1)(b) (2021); *see also Taylor*, 158 S.W.3d at 357.

The Guidelines contain instructions for calculating the amount of retroactive support. Tenn. Comp. R. & Regs. 1240-02-04-.06(4). The court must make its calculations using the Guidelines in effect at the time of the hearing. *Id.* But rather than using the current year's income for each parent's monthly gross income, the court should enter an amount equal to each parent's "average monthly income . . . over the past two (2) years . . . unless the tribunal finds that there is adequate evidence to support a different period of time for use in the calculation and makes such a finding in its order." *Id.* 1240-02-04-.06(4)(a). The court should not "include any current additional expenses on the retroactive worksheet." *Id.* Instead, after completing the worksheet, the court must "multiply the amount shown . . . as the 'Final Child Support Order' times the number of months [in the retroactive period]." *Id.* The court may then add an additional amount to account for the obligor parent's share of childcare expenses, the children's health insurance premium, and uninsured medical expenses over the retroactive period. *Id.* 1240-02-04-.06(4)(b). The amount yielded by following these instructions "is presumed to be correct unless rebutted by either party." *Id.* 1240-02-04-.06(4)(c).

Here, the court awarded Husband a judgment for retroactive support for the period between August 7, 2019, the date the divorce complaint was filed, and September 29, 2022,

---

[4] Because Wife also raised some questions of law, we deny Husband's motion to dismiss this appeal. *See Ragland v. Oakland Deposit Bank*, No. W2011-02303-COA-R3-CV, 2012 WL 2849518, at *6 (Tenn. Ct. App. July 12, 2012) (explaining that dismissal would be inappropriate when "the technical record coupled with the findings of fact and conclusions of law as set out by the trial court are sufficient to support limited, but meaningful appellate review").

the date of the agreed order setting pendente lite support. The court calculated the retroactive amount by totaling the amount shown as the "Final Child Support Order" on four child support worksheets submitted by Husband at trial. Each of these worksheets covered part of the retroactive period. Granted, the court does not appear to have followed the instructions in the Guidelines. But it did not indicate that it intended to deviate from the presumptive amount either. Wife does not explain how she has been prejudiced by the court's methodology. *See* TENN. CT. APP. R. 6(a)(3). Nor does she point to any evidence in the record showing that the amount awarded differed from the amount that would have resulted from proper application of the Guidelines. *Id.* 6(a)(4); TENN. R. APP. P. 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.").

Still, because we cannot determine whether the trial court "properly identified and applied the most appropriate legal principles applicable to the decision," we vacate the award of retroactive support and remand for entry of a final order containing appropriate findings of fact. *Lee Med., Inc.*, 312 S.W.3d at 524; *see also Berryhill*, 21 S.W.3d at 194 (remanding for appropriate findings of fact); *Guzman v. Alvares*, 205 S.W.3d 375, 383 (Tenn. 2006) (same); TENN. R. CIV. P. 52.01. On remand, the court should determine the amount of retroactive support due under the Guidelines and whether a deviation would be appropriate. TENN. COMP. R. & REGS. 1240-02-04-.06(4). The court should then issue a new order containing appropriate findings of fact. *Id.* 1240-02-04-.07(1).

E. Attorney's Fees on Appeal

Wife requests an award of attorney's fees on appeal as alimony in solido. *See* Tenn. Code Ann. § 36-5-121 (2021). We have discretion to award attorney's fees on appeal when appropriate. *Fox v. Fox*, No. M2004-02616-COA-R3-CV, 2006 WL 2535407, at *11 (Tenn. Ct. App. Sept. 1, 2006). An award of alimony to pay attorney's fees is only appropriate when one spouse lacks sufficient funds to pay legal expenses or when one spouse would be forced to deplete available resources to pay them and the other spouse has the ability to pay. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 113 (Tenn. 2011). Although she is unemployed and physically disabled, Wife has not shown that she lacks adequate resources to pay her own legal expenses. She has access to a sizeable cash settlement from a personal injury suit. And she was awarded mostly liquid assets in the division of the marital estate. In addition, the trial court found that Wife's misconduct unnecessarily extended this litigation, presumably increasing attorney's fees on both sides, which militates against an award of attorney's fees. *See id.* So we decline to award attorney's fees to Wife.

8

For his part, Husband asserts that he is entitled to an award of fees for defending against a frivolous appeal. Tenn. Code Ann. § 27-1-122 (2017).[5] A frivolous appeal is one that is "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or has "no reasonable chance of success," *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977). This appeal was not devoid of merit; it was largely unsuccessful, not frivolous. *See Coolidge v. Keene*, 614 S.W.3d 106, 120 (Tenn. Ct. App. 2020). So we also decline to award attorney's fees to Husband.

## III.

Because the court's final order lacks sufficient factual findings to explain its calculation of retroactive child support, we vacate that portion of the court's decision and remand for further proceedings consistent with this opinion. Otherwise, we affirm.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE

---

[5] Husband's brief contains no argument in support of his request for fees based on Tennessee Code Annotated § 36-5-103(c) (2021). So we deem this issue waived. *See Sneed v. Bd. of Pro. Resp.*, 301 S.W.3d 603, 615 (Tenn. 2010).